## THE GULF, COLORADO AND SANTA FE RY. CO. v. JORDAN JONES.

No. 2706.

1. **Argument of Counsel—Ground for Reversal.**—Counsel for the plaintiff in closing the argument to the jury made a direct appeal to the self-interest of the jurors. The preponderance in the testimony was against the plaintiff and against the verdict. On appeal, *held*, that it is probable that the improper argument may have influenced the jury, for which cause the judgment should be reversed.

2. **Bill of Exceptions.**—A bill of exceptions to words spoken in argument was filed; the adverse party, who was the plaintiff, sought by motion to have it corrected, alleging that the bill had not been submitted to the plaintiff or to his counsel. The motion was overruled for the reason "that the language admitted in the motion was substantially the same as that contained in the bill as filed." On appeal the question so raised by the motion was considered and the ruling of the trial court adhered to and approved.

ERROR from Harris. Tried below before Hon. James Masterson.

The opinion states the case.

*J. W. Terry* and *Alexander & Clark,* for plaintiff in error.—It is reversible error on the part of a trial court to permit counsel in a closing argument to discuss the poverty of his client, and to urge a jury to gauge its finding thereby, and especially when such argument is unprovoked and unsupported by anything in the record, when the verdict is against the preponderance of evidence.    Rules Dist. Ct., Nos. 39, 40, 41, 121; Texas & St. L. Ry. Co. v. Jarrell, 60 Texas, 268; Willis & Bro. v. McNeill, 57 Texas, 465; G. C. & S. F. Ry. Co. v. Levy, 59 Texas, 542; Taylor v. McNutt, 58 Texas, 71.

2.    When a verdict is wrong and manifestly against the clear preponderance of the testimony it is in accord with the practice of this court to reverse a judgment based upon such a verdict.    H. & T. C. Ry. Co. v. Schmidt, 61 Texas, 282; Chandler v. Meckling, 22 Texas, 36; Block v. Sweeney, 63 Texas, 419; Zapp v. Michaelis, 58 Texas, 270.

Defendant was not negligent under the facts.    T. & P. Ry. v. Carlton, 60 Texas, 397; T. & N. O. Ry. Co. v. Crowder, 61 Texas, 262; S. C., 63 Texas, 502; Sanborn v. Ry. Co., 35 Kansas, 298; Nagle v. Railway Co., 88 Pa. St., 35; Verts v. Toledo St. Ry., 18 Am. and Eng. R. R. Cases, 11.

*Brady & Ring,* for defendant in error. — 1.    The bill of exceptions was not prepared in the manner prescribed by law, and can not be considered by the court.    It does not fairly present the language used by counsel.

2.    The court did not permit plaintiff's counsel to make the remarks referred to.    On the contrary the court promptly rebuked him for so doing.

3.    The remarks of the counsel, though perhaps not strictly proper, could not and did not mislead, inflame, or prejudice the jury to defendant's injury, and were not of a character to warrant a reversal of the case.

As to the bill of exceptions.    Rev. Stats., art. 1364; Railroad v. Larkin, 64 Texas, 461.

As to the language used.    Franklin v. Tiernan, 62 Texas, 95; Delp v. Punchard, 64 Texas, 361; Radford v. Lyon, 65 Texas, 477; Railroad v. Greenlee, 70 Texas, 553; Railroad v. O'Hara, 64 Texas, 600.

GAINES, ASSOCIATE JUSTICE.—The appellee, by his mother as his next friend, brought this suit for injuries received in attempting to make a coupling of cars while in the employment of the appellant company. The case made by the petition and evidence was that at the time of the accident plaintiff was a minor about sixteen years old, and was in the service of the company as a coal heaver; that he was wholly without experience as a brakeman and switchman; that on the day he was injured he was placed by the servants of the company on duty as a switchman in its yard against his wishes and the wishes of his mother, and that by

reason of his inexperience he was injured. He testified to his age as alleged, and also that he had never previously done any duty whatever as brakeman or switchman, and that when called upon to act as such he objected on the ground that his mother did not wish it. His mother, who was a freedwoman, corroborated him as to his being a minor, fixing the date of his birth by the time of the emancipation proclamation at the close of the late war. Walling, the foreman in control of the switch engine, testified that being on the day of the accident short of a switch-man he "asked him (plaintiff) if he would do the work, and he said he would, and that settled it.   *   *   *   If he objected to doing the work he did not make it known to me. His manner did not indicate it, and he seemed perfectly willing in every way. He did not tell me his mother objected to his working in that capacity, and I did not insist upon his working." This witness also testified that he knew of his making several trips to Alvin from Houston as brakeman and fireman, and knew of his working at different times for different parties for a half a day when they would be away. Evans, the station master, also testified that he had done work of that kind before and had been frequently in that service, but was not on the pay roll as a switchman. Echols, a conductor of defendant, testified that he (witness) had acted as conductor on a train from Houston to Alvin, and that plaintiff had made several trips with him as brakeman, and that he had filled every position on his train except conductor and engineer.

Caulfield, who had been a car inspector of defendant but who was not in its service when his deposition was taken, deposed that he knew plaint-iff and that "he had considerable experience braking and switching. He was an apt boy of his age, and he seemed to be competent and understood the nature of the employment of brakeman or switchman."

Christian, an engineer on the line from Houston to Alvin, corroborated Echols as to his having made several trips to Alvin, and that he "had seen him switching often."

The only evidence that tended to throw any discredit upon the testimony of any of defendant's witnesses (except that of plaintiff himself) was that of Evans, the yard master, who testified that he had never paid the plaintiff for work except as a coal heaver. One of the other witnesses had sworn that when plaintiff acted as brakeman the company paid him as other brakemen. There is reason to think this witness may have been merely mistaken as to this matter and that he was paid for his occasional work by the brakeman whose place he filled for the time. The accident could not have been imputed to the fault of any of these witnesses except Walling, who employed the plaintiff, and perhaps Echols, who consented to the employment. All of defendant's witnesses were in law disinterested, and two of them at least were wholly disinterested.

First assignment of error is that "the court erred in permitting counsel

for the plaintiff in his closing argument to the jury to state to the jury, viz., 'If the plaintiff Jordan Jones fails to recover herein he will be turned loose upon the county as a pauper. He has no means of support outside of his labor; it means that you and I or the county will have to support him,' as shown by defendant's bill of exception number one; and the plaintiff in error further says that the language of the plaintiff's counsel as set out in defendant's bill of exceptions and as confessedly used by said counsel was unsupported by anything in the record, and as distinct from or in connection with the language used by said counsel and incorporated in defendant's bill of exception number one, was an appeal to the passion and self-interest of the jury, and was calculated to and most probably did influence the jury in finding against the defendant."

The record shows that a motion was made to correct the bill of exceptions referred to in this assignment, upon the ground that it was not presented to plaintiff's counsel before it was signed and does not correctly give the language used by counsel in the closing argument. The language admitted in the motion is as follows: "It was contrary to public policy for indiscreet minors like the defendant (sic) Jordan Jones, who had no means of support outside of his labor, to be employed in dangerous positions, and that such a policy was calculated to increase the pauperism of the country, and means that you and I and the country have them to support." The court overruled the motion and the plaintiff took a bill of exceptions. This bill shows that the ground of the court's action was that the language shown in the motion "was so near like that incorporated in the bill of exceptions that he would not change it" unless counsel agreed. We concur with the court that the effect of the language admitted in the motion was substantially the same as that shown by defendant's bill of exceptions, and that plaintiff was not prejudiced by the refusal to make the correction. The defendant's bill of exceptions should stand as part of the record.

We deem it necessary to say that the verdict is against the preponderance of the evidence upon a vital point. As to the fact of his experience as a brakeman the interested testimony of the plaintiff is directly contradicted by more than one disinterested witness. He is corroborated by none. The language of the counsel in his closing argument was, as appellant insists, a direct appeal to the self-interest of the jury, and was calculated to sway them from a proper consideration of the testimony. From the testimony disclosed by the record we think it probable that it had this effect. The fact that the court checked counsel in this line of argument did not necessarily destroy the effect of the words already uttered. It is not every case in which this court will reverse for the use of improper language by counsel for the successful party in his argument to the jury. But the evidence will be looked to, and if the verdict be against the apparent weight of the testimony or the damages seem exces-

.sive it will be presumed the words have had the effect the counsel intended, and the verdict will not be permitted to stand.    Willis & Bro. v. McNeill, 57 Texas, 465; Railway Co. v. Jarrell, 60 Texas, 268, and cases there cited.

The language complained of in this case was made a ground of the motion for a new trial.    The judgment will accordingly be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 5, 1889.