WALTER GRESHAM V. MRS. JOHN J. HARCOURT, ADMINISTRATRIX.

Decided July 1, 1903.

**1.—Evidence—Hearsay—Count.**

Testimony as to the number of sheep in a flock by one who was present when others counted them and put down the numbers called out by them in a book was original evidence and not hearsay.

**2.—Auditor's Report—Exceptions—Pleading.**

An exception to an auditor's report was sufficient though embodied in a pleading, nor would the exception be considered abandoned by an amendment of the pleading which did not repeat it.

**3.—Evidence—Value—Contract.**

A contract of sale was not admissible as evidence of the value of the property sold, as against one not a party to the contract.

Appeal from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

*W. B. Lockhart,* for appellant.

*J. W. Hill,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. On the former appeal it was heard by the Court of Civil Appeals at San Antonio, and finally went to the Supreme Court. The nature of the case is fully stated in 50 S. W. Rep., 1058, and 93 Texas, 149. At the second trial in the court below the plaintiff was successful, and the defendant has appealed and presents the case to this court on two assignments of error:

1. · It is claimed that the court erred in permitting the plaintiff to testify as to the number of sheep belonging to the partnership of Gresham & Harcourt on May 28, 1895. , Two objections were urged to her testimony, the first being that it was hearsay, and the second that it was contradictory of the auditor's report, which was conclusive, because not excepted to. These objections were properly overruled. Mrs. Harcourt was present when the sheep were counted, she heard the two men who did the counting call out the numbers, and she at the time put the numbers down in a book. Her evidence was not hearsay, but was original testimony coming within the rule of res gestae. Railway Co. v. Collier, 62 Texas, 320; Railway Co. v. Sherwood, 84 Texas, 136; Railway Co. v. Mussette, 7 Texas Civ. App., 177.

Appellee excepted to the report of the auditor, which exception included an objection to his finding the number of sheep on hand. It is true that the exception referred to was embodied in a pleading entitled plaintiff's first amended supplemental petition, and thereafter the plaintiff filed another amended supplemental petition which did not include any exceptions to the auditor's report, but we do not think filing of the

latter pleading should be construed as an abandonment of the exceptions to the auditor's report.

2.    The other assignment charges that the court committed error in refusing to admit in evidence a contract of sale from appellant to James Welch, by which appellant sold to Welch an undivided half interest in the partnership property of Gresham & Harcourt.    The statement submitted under this assignment does not support the assignment, because it shows that the court did admit the contract in evidence for the purpose of showing that appellant had made a sale of a one-half interest in the partnership property, and the date of the sale.    It is contended, however, on behalf of appellant that the contract was also admissible on the question of value of the property at the time the sale was made. This contention is not believed to be sound.    The appellee was not a party to that contract, and was in nowise bound by its terms and recitals.

This disposes of the only questions presented for decision, and results in an affirmance of the judgment.

*Affirmed.*

Writ of error refused.