CRASS v. ADAMS. (No. 5470.)

(Court of Civil Appeals of Texas. Austin. March 31, 1915.)

1. EVIDENCE ⬉317 — HEARSAY — CONVERSATIONS BETWEEN THIRD PERSONS.

In a broker's action for commissions on a sale of land to B. paid for in part by the conveyance of other land, where there was a dispute as to the value at which such land was received by defendant, it was error to permit an attorney to testify that B. told him that his land went into the transaction at $11,000,

though it was recited in the deed that it went in for $18,000, and, that the witness told B. that such recitals amounted to nothing,. that the books were full of such cases, and that he would hate to be on the broker's cost bond, as such testimony was hearsay and res inter alios acta, conversations between witnesses and third persons, not in the presence of the party against whom they are offered, not being admissible in evidence; and, moreover, defendant was thereby allowed to place before the jury such attorney's legal opinion on the subject at issue.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ⊙⇒317.]

**2. EVIDENCE ⊙⇒113 — MARKET VALUE — OFFERS.**

In a broker's action for commissions on a sale of land paid for in part by a conveyance of other land, in which there was a dispute as to the value at which such land was received, it was error to permit defendant to testify that he had been offered a specified price therefor, as market value cannot be shown by an isolated offer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. ⊙⇒113.]

**3. BROKERS ⊙⇒88—ACTIONS FOR COMMISSIONS —INSTRUCTIONS.**

In a broker's action for commissions on a sale of land in which he alleged that he was to have all received in excess of $20,000, and that the land was sold for $27,000, where the main charge permitted a recovery only in case the jury believed that defendant received $27,000 for the property, an instruction authorizing a recovery if he received $20,000 or .more in money and property should have been given.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. ⊙⇒88.]

**4. TRIAL ⊙⇒250—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND PROOF.**

A special charge predicated on an issue raised by neither the pleading nor the proof was properly ‘refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ⊙⇒250.]

**5. TRIAL ⊙⇒194—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

While the consideration mentioned in a deed is not conclusive and may be inquired into, an instruction on this point should be omitted or so phrased as not to be on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ⊙⇒194.]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by J. C. Crass against Flim Adams. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Mears & Watkins, of Gatesville, for appellant. J. W. Stinnett, of Gatesville, for appellee.

RICE, J. Appellant brought this suit against appellee to recover commissions for the sale of certain real estate, alleging that appellee listed with him for sale three tracts of land, containing 1,136 acres, situated in Coryell county, agreeing to pay as commissions for his services, in the event of a sale, all in excess of $20,000 which he might obtain therefor; that subsequent thereto he in-

formed appellee that he could sell said land to one M. Boyd for $27,000, provided he would take certain property of Boyd's in the trade for $18,000, consisting of the Cottage Hotel in Gatesville, and a farm of 270 acres on Henson creek, which appellee agreed to do, provided Boyd would assume the payment of a certain note owing by appellee on his land, amounting to $5,600, and pay the balance of said sum in cash; that Boyd consented thereto, and deeds were thereafter duly executed by each in conformity therewith, by which appellee conveyed his land to Boyd, and Boyd conveyed his to appellee.

After a general demurrer, special exceptions, a general denial, and numerous special denials, appellee, by special answer, denied that his property was ever sold for $27,000, or that he ever agreed to accept the land of Boyd in the trade for $18,000, but, on the contrary, he alleges the fact to be that he made the trade himself with Boyd; that his (appellee's) property was only taken in said trade for $20,000, and that he took Boyd's property for $11,000, and the latter assumed the note for $5,600, and paid the balance, to wit, $3,400, in cash; that such trade would not have been consummated but for appellant's promise that, in the 'event of appellee's purchasing said property from Boyd, he (appellant) would take the hotel off of his hands at $6,000; that appellant did not represent him in said trade, but represented Boyd, wherefore he did not owe appellant anything.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted. Evidence was offered tending to sustain the contention of each party, and the issue was closely drawn between them.

[1] At the trial, and after appellant had rested without introducing Boyd, appellee called R. F. Moore, and offered to show by him what Boyd had said to him about the trade between himself and appellant, to which appellant objected. The objection was overruled, and Moore testified that he had a conversation with Boyd in reference to the transaction in which Boyd told the witness that, in the trade between Adams and himself, the hotel went in at $6,000 and the farm at $5,000, making $11,000 in all. After appellee had rested, appellant called Boyd in rebuttal, who testified that he had no such conversation with Moore as testified to by him; that he did not tell him that his property went into this deal at $11,000. Thereafter ‘appellee, over ‘appellant's objection, was permitted to recall R. F. Moore, and the bill shows that he was asked by his counsel to detail the conversation between himself and Boyd, to which appellant objected for the reason that it was not shown that the appellant was present, or had any knowledge of such conversation, if any, and same would not bind him and was prejudicial and placed him in a bad attitude

and embarrassed manner before the jury. The court overruled said objection, and the witness answered, testifying that Boyd had told him that appellant had sued appellee for $7,000, and that he (Boyd) thought that appellant had a good cause of action, for the reason that the deeds recited that the Adams property was put in for $27,000, and that the Boyd property was put in for $18,-000, but in fact the property conveyed to Adams by Boyd only went in for $11,000; that he (Moore) then made the remark that such recitals did not amount to anything, and the books were full of it (meaning law books); further stated that he (Moore) made the remark to Boyd that he would hate to be on the plaintiff's cost bond. Thereupon appellant further objected on the ground that that part of the witness' testimony about the books being full of such cases is contrary to the contention of plaintiff and is an opinion of the witness, and that that portion of his testimony that he would hate to be on plaintiff's cost bond was prejudicial and injurious to plaintiff, and was likewise hearsay and not germane to the question asked nor the matter under investigation, and also moved the court to exclude said testimony from the jury for the reasons stated. His motion and objections were all overruled, to which he excepted and reserved his bill. This furnishes the basis for the third assignment. The court erred in overruling these objections and permitting this testimony to go to the jury. It was hearsay and res inter alios acta. Conversations between witnesses and third persons, not in the presence of the party against whom offered, are not admissible in evidence. See Rankin v. Bell, 85 Tex. 32, 19 S. W. 875; Tucker v. Hamlin, 60 Tex. 176; Book 3, Rose's Texas Notes, 321; 1 Greenleaf on Evid. § 99. See, also, 17 Cyc. p. 274, subject "Res Inter Alios." It was stated in argument on the hearing that the witness Moore was a lawyer, and he was thereby allowed to give, and did give, his legal opinion as to the subject at issue, which must have been damaging to appellant. For the reasons stated, we sustain this assignment.

We overrule appellant's fifth assignment, urging that the court erred in permitting appellee to testify as to the market value of the Henson creek land, because we think he had sufficient knowledge of the matter to give his opinion concerning same.

[2] It is not competent to show market value by an isolated offer, and the court erred in permitting appellee, over appellant's objection, to testify that he had been offered $5,-000 for the Henson creek farm, for which reason we sustain the sixth assignment complaining of this matter.

[3] The appellant requested, and the court refused to give, his special charge No. 1, which, in effect, told the jury that if they should believe that appellee contracted with appellant to give him all over $20,000 that he should sell his property for, and should further find from the evidence that appellant sold appellee's property to Boyd, and that appellee accepted as part payment the Henson creek property and the Cottage Hotel property and the remainder of said consideration in money and notes, and should further find that the property, money, and notes accepted by appellee, if he did so, amounted to more than $20,000, then appellant would be entitled to recover the excess thereof; and in determining this issue they might take into consideration the market value of said Henson creek and Cottage Hotel property, if the same had a market value, but, if said property had no market value, then its reasonable or true value, together with $9,000 in money and notes; and, if the property, money, and notes amounted to more than $20,-000, then they should find for plaintiff for the excess thereof, if any, not to exceed $7,-000. The main charge permitted appellant to recover only in the event the jury should believe that appellee received the sum of $27,-000 for his property, whereas appellant was entitled to recover the excess, if any, above $20,000, which appellee might receive therefor, provided it be conceded that he had alleged that the consideration received by appellee was in excess of $20,000, for which reason we sustain the seventh assignment of error.

[4] We overrule appellant's eighth assignment, because neither the pleading nor the proof raised the issue upon which the special charge referred to in said assignment was predicated.

[5] While it is the law that the consideration mentioned in the deed may be inquired into and is not conclusive, in view of another trial we would suggest that the charge upon this subject be entirely omitted, or, if given, that it be so phrased as not to be subject to the criticism of being upon the weight of the evidence.

For the errors pointed out, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.