SOUTHERN PAC. CO. v. MILLER.
(No. 901.)

(Court of Civil Appeals of Texas. El Paso. Jan. 9, 1919. Rehearing Denied Jan. 16, 1919.)

1. MASTER AND SERVANT ⊗⇒280—INJURY TO SERVANT—ASSUMPTION OF RISK.

In an action by a switchman for alleged injury from being jerked from a car by sudden application of brakes, evidence held to show that plaintiff had assumed the risk.

2. APPEAL AND ERROR ⊗⇒1060(1)—HARMLESS ERROR—MISCONDUCT OF COUNSEL.

In an action by a switchman for injuries, where the evidence of negligence was close, improper remarks of plaintiff's counsel as to competency of engineer and as to plaintiff having to live on half rations or the charity of his friends if not awarded damages must be held to have improperly influenced the jury.

3. MASTER AND SERVANT ⊗⇒204(1)—INJURY TO SERVANT—FEDERAL EMPLOYERS' LIABILITY LAW—ASSUMPTION OF RISK.

While the defense of assumed risk is eliminated by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) in cases of interstate commerce, where the violation by the carrier of the statute enacted for the safety of employés contributed to the injury, in all other cases it is a complete bar.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Albert Miller against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Beall, Kemp & Nagle, of El Paso, for appellant.

Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellee.

HARPER, C. J. Albert Miller brought this suit against the Southern Pacific Com-

pany for damages for personal injuries alleged to have been sustained by him while in the employ of the defendant as a switchman in Los Angeles, Cal. He alleges that while in the discharge of his duties, engaged in interstate commerce, when in the act of climbing onto the caboose the engineer in charge applied the air suddenly and with such force as to jar him from his position, and he was caused to fall to the ground in such position as that his leg was caught under the wheels of the caboose and so badly mangled as to necessitate amputation above the knee.

Defendant answered by general demurrer, general denial, and plea of assumed risk.

The cause was tried with a jury, and upon its verdict for $22,750 a judgment was entered for plaintiff for said sum. Later, upon hearing of motion for new trial, one of the grounds of which was misconduct of the jury, the plaintiff remitted $7,750, whereupon the motion was overruled, and defendant has appealed.

Error is assigned to argument of counsel: First. In the opening argument counsel for the appellee stated to the jury that the "engineer was incompetent, or he would not have remained an engineer for the company on the extra board for five years without being given the position of a regular engineer." There is no allegation of incompetency of the engineer, and in no way is the incompetency of the engineer made the basis of any act of negligence upon the part of the company.

Second. Counsel in the closing argument stated to the jury "that if they did not award plaintiff damages he would have to live on half rations or live upon the charity of his friends." This statement of counsel was unsupported by anything in the record, and can be classified as nothing but an intentional appeal to the passion and prejudice of the jury in a case where the verdict is against the preponderance of the evidence upon the vital points of the case, and a very large one, so large that appellee has entered a remittitur of $7,750.

The verdict rests solely and alone upon the testimony of the plaintiff. All the other witnesses present, and there were several, affirmatively declared in effect that the accident did not happen as charged.

[1, 2] Appellant further urges that the evidence conclusively shows that appellee assumed the risk. His own testimony is the only evidence upon the point. He stated:

"As to whether an experienced railroad man standing as I was would have been jerked off by a jerk twice so hard, he would and it happened every day. They jerk them loose pretty nearly every day. It is a customary thing in the yards, at times, a man getting on a car or caboose. Of course, I knew that, and kept on working. I had a right to work as long as they would let me. As to why I didn't quit if it was a danger-

ous place, they didn't do it all the time with me—it was with some others."

We are of the opinion that, under the facts as they appear of record before us, undisputed as they are, plain and not open to doubt, no other inference can be drawn from them than that appellee assumed the risk as a matter of law. But if this is too strict a construction to be placed upon the facts by a court, and that under the liberal holdings of the appellate courts the question is one for the jury, nevertheless, bearing in mind that it at least is a very close question, calling for calm and dispassionate consideration at the hands of the jury, and further bearing in mind that the preponderance of the evidence upon the question of negligence is in favor of appellant, as well as the size of the verdict, it must be concluded that the improper argument of counsel had the effect the counsel intended. In that the verdict was improperly influenced thereby it will not be permitted to stand. Gulf, C. & S. F. Ry. Co. v. Jones, 73 Tex. 232, 11 S. W. 185.

[3] Appellee suggests in this connection that assumed risk growing out of the negligence of the company or one of its employés is no longer a defense. The defense of assumed risk is eliminated by the Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. §§ 8657–8665]) in cases of interstate commerce, in all cases where the violation by the carrier of the statute enacted for the safety of employés contributed to the injury, but in all other cases is left open to the defendant as a complete bar of the action. L. R. A. 1915C, 69, and cases there cited.

There are other assignments in the brief of appellant, but, if error, are not likely to occur upon another trial, so we make no comment thereon, but the cause is reversed and remanded, for the reasons assigned.