## CENTRAL STATE BANK OF COLEMAN v. HENDERSON. (No. 6998.)*

(Court of Civil Appeals of Texas. Austin. May 19, 1926. Rehearing Denied June 9, 1926.)

**1. Evidence ⟨⟩543(3).**

Witness, who had been resident of county for 10 years and knew land in controversy and had owned land within one-half mile and knew of sales in such locality, *held* qualified to testify as to value.

**2. Evidence ⟨⟩548.**

Witness' opinion as to market value of lands need not be based on knowledge of actual sales.

**3. Evidence ⟨⟩546.**

Qualification of witness to give opinion concerning value of real estate is largely in discretion of trial court.

**4. Evidence ⟨⟩545.**

Witness stating he knows market value of land has prima facie qualified himself to state value.

**5. Evidence ⟨⟩113(8).**

Testimony as to price land was sold for at later date *held* properly excluded on question of value on particular date.

**6. Evidence ⟨⟩113(8).**

Price paid for land is not evidence of its market value.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Fred Henderson against the Central State Bank of Coleman. Judgment for plaintiff, and defendant appeals. Affirmed.

W. Marcus Weatherred, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J. Appellee owed appellant bank $2,436, and on August 1, 1921, paid the debt by conveying to appellant a tract of land in Parmer county; appellant assuming an indebtedness of $5,500 against the land, these two items, or $7,936, constituting the total consideration recited in the deed. A contemporaneous written agreement provided: First, that appellant bank would reconvey the land to appellee at any time within three years upon his paying it the sum of $2,436 and assuming the $5,500 outstanding indebtedness against the land; second, that if the bank sold the land at any time within the three-year period for $40 or more per acre, it would pay to appellee the sum of $4,864; and, third, that if the land was not sold at the end of the three-year period, August 1, 1924, each party to the contract would select an appraiser, these two to select a third, and the three would appraise the land at its then reasonable cash market value, and appellant would pay appellee the difference between the appraised value and the recited consideration in the deed with interest at 8 per cent. per annum from the date of the contract. The land was not sold within the period agreed upon, and appellee requested appellant bank to appoint its appraiser, which it refused to do, whereupon appellee sued appellant, alleging the land to be of the reasonable market value of $40 per acre on the date last mentioned, and that appellant bank therefore owed him the sum of $4,864 with interest as provided by the terms of the contract.

A trial was had to a jury, and they found the reasonable market value of the land on August 1, 1924, to be $27.50 per acre, or a *total value* of $8,800. The court rendered judgment for appellee for the difference in the value of the land as found by the jury and the consideration recited in the deed with interest, which totaled the sum of $1,143.50. The appeal is from that judgment.

[1] The questions presented by the appeal in the main relate to alleged disqualifications of certain witnesses to testify with reference to the market value of the land involved in the suit. None of the assignments should be sustained. Appellant contends that witness Wilson particularly failed to show himself qualified to so testify, and that because of the fact that he was the only witness testifying in person, other than appellee, his testimony most likely influenced the jury to find the value of the land to be $27.50 per acre. Five witnesses, residents of Parmer county, testified by deposition for appellee that the value of the land was from $30 to $40 per acre. Nine witnesses, residents of Parmer county, testified by deposition for appellant, and with the exception of one who valued the land at from $20 to $25 per acre, they valued it at $25 per acre. Witness Wilson valued it at from $35 to $40 per acre. The jury found the value to be $27.50 per acre; so it is evident that his testimony did not materially influence the jury, if it can be said to be incompetent. The qualification of the witnesses testifying by deposition cannot be questioned in our opinion, and would authorize even a higher value than found. We also think that witness Wilson was qualified to testify with reference to the value of the land. He testified that he had been a resident of Coleman county for ten years; that he knew the land in controversy, its nature, extent, and uses; that he had owned land for several years situated one-half mile distance from this land; that he saw the land in 1917 and each year thereafter until November, 1923; that he knew of sales through these years in that locality, and of the increase in value of these lands; that he only knew from hearsay of sales about August 1, 1924; that upon this information and knowledge he knew the cash

market value of the land' on August 1, 1924; and that it was $35 or $40 per acre. We submit the witness was qualified.

[2] It is not necessary that a witness' opinion as to the market value of lands be based upon knowledge of actual sales. Humble Oil & Refining Co. v. Woods (Tex. Civ. App.) 277 S. W. 153; 22 C. J. 589, 590, notes and cases.

[3, 4] The qualification of a witness to give his opinion concerning the value of real estate is largely in the discretion of the trial court; and where he states that he knows the market value he has, prima facie, qualified himself to state the value. Houston B. & T. Ry. Co. v. Vogel (Tex. Civ. App.) 179 S. W. 268; Byrd Irrigation Co. v. Smith (Tex. Civ. App.) 157 S. W. 260; Davis v. Fain (Tex. Civ. App.) 152 S. W. 218; S. A. & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040; 22 C. J. 587, 588, 589, and 590.

[5, 6] The contention that the court erred in refusing to permit appellant's witness to testify as to the price it sold the land in question for at a date much later than that fixed by the contract for its sale is not sustained. The price paid for land is not evidence of its market value. Wichita Falls & W. Ry. Co. v. Wyrick (Tex. Civ. App.) 147 S. W. 730; Texarkana & Ft. Smith Ry. Co. v. Necher Iron Works, 57 Tex. Civ. App. 249, 122 S. W. 64; Gresham v. Harcourt, 33 Tex. Civ. App. 196, 75 S. W. 808.

We find no error in the trial court's judgment, and it will be affirmed.