## PACIFIC FIRE INS. CO. v. FAIN.
### No. 2257.

Court of Civil Appeals of Texas. Beaumont.
Oct. 27, 1932.

Robert Lee Guthrie, of Dallas, for appellant.

J. E. Wheat, of Woodville, for appellee.

WALKER, C. J.

This was a suit by appellee, J. H. Fain, against appellant, Pacific Fire Insurance Company, to recover the amount of an insurance policy on his Franklin automobile, on allegations that the automobile had been destroyed by fire. Without quoting from the petition, it is sufficient to say that appellee alleged a good cause of action for the sum of $1,200, the maximum coverage under the policy. Appellant answered by general and special demurrers, general denial, etc. By verdict of the jury, the value of the automobile immediately before the fire was fixed at $1,200 and immediately after the fire at nothing. Judgment was accordingly entered, from which appellant has duly prosecuted its appeal to this court by writ of error.

The issue of value before the fire was controverted. Appellee's evidence fixed the value

at between $1,200 and $2,000. Appellant's evidence fixed the value at $800. In his argument to the jury on the issue of value, quoting from appellant's brief, appellee's counsel said:

"Defendant's Bill of Exception No. 2 shows that the attorney for the plaintiff made the following argument:

" 'There are probably thousands and thousands of men who pay for this kind of insurance, and they keep the money. They do not return any of the money and say, "We charged you too much, because your car is not worth that much." They never do come around and say anything about that, but they keep the money in their jeans, and then when the car burns they say the car wasn't worth that much; "that you have got that too high." '

"The bill shows that at the time the above argument was made, counsel held out his hands with his palms upturned and spoke in a sarcastic tone. Counsel for the defendant objected to the above argument as being prejudicial. The court sustained the objection, stating that there was nothing in the record to show how insurance companies handle policies or settle their cases, or what they do with their money. In the teeth of the ruling of the court, counsel for the plaintiff aggravated the situation by stating:

" 'You gentlemen know about as much as I do; you can draw your own conclusions.'

"When this remark was made, counsel for the defendant, Pacific Fire Insurance Company, renewed his objection, and counsel for the plaintiff stated that if that remark was objectionable, he would withdraw it. Counsel for the defendant thereupon stated to the court that the above argument of counsel and the remarks that he had made subsequent to the ruling of the court were prejudicial to the defendant and were calculated to lead the jury to believe that the objections made by the defendant counsel were improper and were made for the purpose of taking some advantage. Thereupon, the counsel for the plaintiff stated:

" 'I wonder if I can get the attorney to tell me what I can talk about without being objectionable.'

"To the above remarks and proceedings the defendant, Pacific Fire Insurance Company, then and there in open court duly excepted, for the reason that the same were prejudicial, and for the further reason that counsel has no right to comment on the propriety of an opposing counsel making objection for the sake of preserving and protecting the record. Counsel for the defendant asked the court to discharge the jury for the reason that the error committed by counsel for the plaintiff could not be cured by instructions to the jury, which request was denied by the court. To the action of the court in this connection and to the argument of counsel for plaintiff, defendant then and there in open court duly excepted."

This argument was based upon facts not in the record, was highly prejudicial and inflammatory, and was calculated to induce the jury to bring in an improper verdict. Whether the insurance company charged too much or too little as a premium on this policy had nothing to do with the value of the automobile. That it never offered to return any of the premium, but kept this money "in their jeans" was irrelevant and immaterial on the issue of value. The policy sued upon fixed a maximum amount of recovery in case of fire, but, by the express terms of the policy, the recovery was limited to the actual value of the car at the time of loss. Therefore it was a proper defense, stipulated for by the terms of the policy itself, to say that the maximum coverage of the policy exceeded the value at the time of the loss. In Texas Cent. Railway Co. v. Parker, 33 Tex. Civ. App. 514, 77 S. W. 42, the following argument was condemned: "When the railroad company kills one of your animals that is worth $65, they will offer you $8 for it, and, if you don't take it, they will force you to bring suit and to pay out $200 to get the $65; and I intend to tell the juries of this country about the railroad's conduct in these matters."

For arguments falling within the condemnation of the courts, see, also, Chicago, R. I. & T. Railway Co. v. Langston, 92 Tex. 709, 50 S. W. 574, 51 S. W. 331; Hubb Diggs Co. v. Bell (Tex. Civ. App.) 297 S. W. 682; Gulf, C. & S. F. Railway Co. v. Jones, 73 Tex. 232, 11 S. W. 185; Gonzalez v. Davila (Tex. Civ. App.) 26 S.W.(2d) 718; Eastern Texas Electric Co. v. Rhymes (Tex. Civ. App.) 1 S.W.(2d) 688; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765. After the court had instructed the jury not to consider this argument, it was highly prejudicial for counsel to call it to the attention of the jury by saying: "You gentlemen know about as much as I do; you can draw your own conclusions." The argument itself and the response of counsel being improper and prejudicial, it constitutes reversible error. On authority of Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091, the rule is, if argument is improper, it constitutes reversible error, if, under all the circumstances, there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. We think this rule condemns the argument in this case.

It cannot be said that the argument was harmless because the testimony strongly preponderated in favor of the verdict fixing the value at $1,200. In Parker v. Miller, 258 S. W. 602, 605, the Court of Civil Appeals, though holding the argument was improper, yet held it did not constitute reversible error, saying: "We think they [the jury] could not, in all probability, have decided the issue other than they did decide it." This holding was

reversed by the Commission of Appeals in 268 S. W. 726, 727, where it was said: "We cannot agree with the Court of Civil Appeals that the trial court was authorized to deny a new trial on the ground that the preponderance of the evidence supported the verdict and judgment."

After objection had been sustained to his argument and then renewed and again sustained, it was error for counsel to remark in the presence of the court and jury, "I wonder if I can get the attorney to tell me what I can talk about without being objectionable." In Western Union Telegraph Co. v. Wingate, 6 Tex. Civ. App. 394, 25 S. W. 439, 440, discussing side remarks of this character, the court said: "It is the right of every litigant, while acting in good faith, to object to any argument made to a jury on behalf of his adversary which he regards as improper and prejudicial to his rights; and it is not proper for opposing counsel to ask the jury, either directly or by implication, to consider such an objection as evidence against the party making it, on the merits of his case."

On this proposition see, also, Vesper v. Lavender (Tex. Civ. App.) 149 S. W. 377; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 110; Houston Water Works Co. v. Harris, 3 Tex. Civ. App. 475, 23 S. W. 46.

We do not discuss appellant's assignments against appellee's evidence on the issue of market value. The point is made that the witnesses do not fix the "place" of value. This objection can be obviated upon another trial.

Appellant's assignments of error were not called to the attention of the trial court in its motion for new trial, but, as the questions upon which we are reversing the judgment of the lower court occurred during the trial and rulings had thereon during the trial, it was not necessary that they be again presented for a second ruling by a motion for new trial. 3 Tex. Jur. 169.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.