SOVEREIGN CAMP, W. O. W., v. BARNES.

No. 1449.

Court of Civil Appeals of Texas. Waco.
Dec. 21, 1933.

**418**

Davis. Jester & George, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

ALEXANDER, Justice.

Merritt Hall Barnes, by next friend, brought this suit against the Sovereign Camp of the Woodmen of the World to recover on a life insurance policy in the sum of $2,000, issued by the defendant on the life of Charles F. Barnes, plaintiff's father, and payable to plaintiff. The defense was suicide. The jury found for the plaintiff and judgment was entered accordingly. The defendant appealed.

The constitution of the defendant order, which, by the terms of the certificate sued on, was made a part thereof, provided that "if the member holding this certificate * * * dies * * * by his own hand or act whether sane or insane, * * * the certificate shall be null and void and of no effect and all moneys which shall have been paid and all rights and benefits which accrued on account of the certificate shall be absolutely forfeited without notice or service." There was but one issue submitted to the jury, and that was whether or not the death of the insured was caused by his own act voluntarily or intentionally done. This was a closely contested issue. There was nothing to indicate that the defendant was acting in bad faith in urging the defense of suicide. No attack was made either by the pleadings or evidence on the validity of the provision in the contract that premiums paid should be forfeited in the event of suicide. With the record in this condition, counsel for the plaintiff in his closing argument to the jury said:

"This suit is upon an insurance policy that was issued by the defendant to Charles F. Barnes in July, 1929, and the beneficiary named in the policy is Merritt Hall Barnes. The evidence and the policy shows that Charles F. Barnes was in good standing at the time of his death and had paid all of the premiums due upon the certificate. The certificate shows that he paid something in excess of $5.00 a month as a premium upon the policy. The policy, therefore, had been in existence some fourteen or fifteen months when Barnes died. He had paid to the company approximately $75.00 in premiums. The company seeks by your verdict to escape all liability under the policy and at the same time to keep and retain the money paid to them by Charles F. Barnes as premiums on the policy. It does look like in all good conscience and fair dealings, if the company expects to escape liability under the terms of the policy they should tender back the premiums which Barnes has paid to the company.".

Counsel for appellant immediately objected to that part of the above argument beginning with the words, "The company seeks by your verdict," and ending with the words, "which Barnes has paid to the company," on the ground that same was not supported by the pleadings or evidence and was highly prejudicial and inflammatory and for various other reasons. The trial court overruled the objection to said argument, and refused to instruct the jury not to consider the same.

We are of the opinion that the argument here complained of requires a reversal of the case. The defendant and the insured, for reasons satisfactory to themselves, had contracted that, in the event the insured should take his own life, the certificate should become null and void, and that all premiums paid should be forfeited. The defendant had a perfect right "in all good conscience" to present the defense of suicide, as provided for in the contract, and to avoid all liability in the event the insured had committed suicide, and was not required as a condition precedent to return the premiums that had been paid by the insured. Such argument, therefore, presented an incorrect principle to the jury. The trial court's action in overruling the defendant's objection to this argument amounted to an official approval of the principle so announced by plaintiff's attorney, and authorized the jury to believe that, in determining the very closely contested issue of suicide, they might take into consideration the fact that the defendant had failed to return the premiums that had been paid. This argument had no legitimate place in the record. It was not only an appeal to the prejudice of the jury, but had a tendency to cause the jury to decide the issue submitted on an incorrect theory. Pacific Fire Ins. Co. v. Fain (Tex. Civ. App.) 54 S.W.(2d) 226; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106, par. 6; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Thetford v. Modern Woodmen of America (Tex. Civ. App.) 273 S. W. 666, par. 22. It now appears to be

the well-settled rule of the Supreme Court that, if argument is improper, it constitutes reversible error if, under all the circumstances, there is any reasonable doubt of its harmful effect, or unless it affirmatively appears that no prejudice resulted. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S. W.(2d) 1091; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808.

■ The parties apparently concede that the insured shot himself, but it is disputed whether this was done intentionally or accidentally. It appears that about 8 or 9 o'clock on the night of the death of the insured he and his wife were in the kitchen together; that the insured shot his wife, and then ran out through the back door of the house to the garage; that within about five minutes thereafter the neighbors heard the sound of a gun, and upon investigation found the insured's dead body near the garage, with a gunshot wound in his right temple. The appellant complains of the action of the court in refusing to allow it to prove by Merritt Barnes, the son of the insured, what took place between the insured and his wife in the house immediately before and about the time the insured shot his wife. We are inclined to believe that upon another trial the court should allow the appellant the right to develop such facts.

On account of the error hereinbefore pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.