## WEST v. STATE et al.
### No. 2122.

Court of Civil Appeals of Texas. Eastland.
March 21, 1941.

Rehearing Denied April 18, 1941.

John E. Sentell and W. F. Newsome, both of Snyder, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, and Ben F. Thorpe, of Snyder, for appellees.

GRISSOM, Justice.

The State of Texas, acting through the Commissioners' Court of Scurry County, instituted condemnation proceedings against land belonging to Mrs. Ruby West. From the decision of the Commissioners Mrs. West appealed to the County Court of Scurry County. From an unsatisfactory judgment there, Mrs. West has appealed.

By defendant's sixth and seventh bills of exception it is shown that while one of the plaintiff's attorneys was making the opening argument he said to the jury: "You are the taxpayers" and, after further argument, "The taxpayers will have to pay the bill." The bill shows the argument was not then objected to and the court took no steps to suppress it. Bill No. 7 shows that while one of plaintiff's counsel was making the closing argument he stated to the jury, "We meet some unreasonable landowners." Then, after further argument, "You, as citizens and taxpayers, are directly interested in this suit." At another point in his argument he said: "When you go above $25 per acre you will be taking the money out of your own pockets." The bill then recites: "To which statements and arguments, counsel for defendant, Ruby West, duly objected to the court in open court and excepted thereto because *each* such argument was not supported by the evidence and dehors the record; was an appeal to the self-interest of the jury; was an attempt to align the jury as a party to the suit on the side of the plaintiff; appealed to the prejudice of the jury and was prejudicial to the rights of defendant, and counsel for said defendant moved the court to instruct the jury not to consider such arguments, which objections, exceptions and motion the court overruled and gave no instruction to the jury, to which action of the court, counsel for defendant, Ruby West, then and there excepted." (Italics ours)

The bills were approved without qualification.

In *Gulf, C. & S. F. Ry. Co. v. Jones,* 73 Tex. 232, 235, 11 S.W. 185, 186, the assignment of error was: "The court erred in permitting counsel for the plaintiff, in his closing argument to the jury, to state to the jury, viz.: 'If the plaintiff, Jordan Jones, fails to recover herein, he will be turned loose upon the county as a pauper. He has no means of support outside of his labor. It means that you and I, or the county, will have to support him,' * * *." Relative thereto the Supreme Court, in an opinion by Justice Gaines, said, in part: "The language of counsel in his closing argument was, as appellant insists, a direct appeal to the self-interest of the jury, and was calculated to sway them from a proper consideration of the testimony." The judgment was reversed.

In Humble O. & R. Co. v. Butler, Tex. Civ.App., 46 S.W.2d 1043, 1044, this court, in an opinion by former Chief Justice Hickman, held the following arguments by plaintiff's counsel to be reversible error:

" 'But you have got it to do, and your fellow citizens have got that task to perform. Just so long as we have highways in Texas, just so long as trucks and busses and motor vehicles are allowed to run upon the highways of this state, *you want your highways safe* and I want them safe for the traveling public, *for you and your wife and your children* to travel upon.' * * *

" 'We expect a fair, square shake at this thing. The matter may not be important to you. It is hard to get in the other fellow's shoes and wear them just like he does. You sit over there on the jury; you sit over there as arbitrators in this matter. As I say, it may not seem of great importance to you but it is important to this woman; it is important to Mr. Ooley how you gentlemen go out here and answer these questions. It is a serious, absorbing, important question; it is important to this woman; it is important to Texas; it is important to the public because on the fair square determination of issues of this kind depends the safety and welfare of the people who are buying and paying for these highways. It is your business to approach this question carefully and cautiously; it is important to these that your verdict be arrived at in a careful, painstaking manner in this case.' * * *

" 'You are not going to have safety in this state *for your wives and your children and yourselves* until you hold these fellows

to a strict accountability in cases of this kind.'"

Relative to such argument this court said: "That practically all of the above-quoted argument was improper seems to admit of little doubt. The general effect of it all was to summon the jury to the high duty of making the highways safe for their wives and children. This end was to be accomplished by answers to special issues in this case. Had objections been interposed thereto at the time such arguments were made, and such objections been overruled, our duty to reverse the judgment on account thereof would have been plain. Our duty is not so plain in the absence of objections. But there is a well-established rule in our practice, followed by this court in Hewitt v. Buchanan, 4 S.W.(2d) 169, and Nicholson v. Nicholson, 22 S.W.(2d) 514, that improper argument, inflammatory in its nature, injecting into the case matters not properly a part of it, and calculated to prejudice the rights of the losing party before the jury, may, in a proper case, be complained of on appeal, though objection was urged thereto for the first time in a motion for new trial. This is a well-recognized rule. Floyd v. Fidelity Union Casualty Co. (Tex.Com.App.) 24 S.W.(2d) 363; 3 Tex.Jur., § 147, pages 223, 224, and many authorities there cited."

In Dixie Motor Coach Corp. v. Swanson, Tex.Civ.App., 41 S.W.2d 436, 440, an appeal to the jury to place themselves in the situation of the plaintiffs and do unto them as they would have done to their wives and children was condemned.

In Allen v. Denk, Tex.Civ.App., 87 S.W. 2d 303, 306, plaintiff's statement to the jury, "We hope you will consider these matters seriously and that you will do what you would want a jury to do if you were overtaken by a similar calamity", was held improper and prejudicial.

In Southwestern Telegraph & Telephone Co. v. Andrews, Tex.Civ.App., 169 S.W. 218, 222, the remarks of plaintiff's counsel in argument to the jury, in an action for failure to transmit a telephone call preventing plaintiff from attending the funeral of his half sister, to the effect that the verdict should allow such damages to compensate plaintiff for grief suffered as they (the jurors) would have suffered under the same circumstances, was held improper.

In Brown Cracker & Candy Co. v. Castle, Tex.Civ.App., 26 S.W.2d 435, 440, plaintiff's argument to the jury, "Gentlemen, I submit to you that the best way to pass on any matter where a third party is involved is to put yourself in the other fellow's place. Put yourself in the place of Mr. Castle, how much would you feel that the Brown Cracker & Candy Company should pay you? How many thousand dollars?" was held to be unwarranted and prejudicial.

In St. Louis S. W. Ry. Co. of Texas v. Boyd, 40 Tex.Civ.App. 93, 88 S.W. 509, a damage suit for personal injuries, the argument of plaintiff's counsel was that: "The public is interested in a matter of this kind. If a man is injured under these circumstances * * * and gets only partial damages, then the public suffers, and the law is defeated to the extent that he fails to get full compensation." The court held that the argument that "the public is interested in [the] case", followed by said appeal to the self-interest of the jury and an appeal to them as good citizens to protect the interest of the public by rendering a verdict for a large amount for plaintiff, was reversible error.

In Southland Life Ins. Co. v. Norwood, Tex.Civ.App., 76 S.W.2d 166, 168, plaintiff's counsel said to the jury: "Ah, Gentlemen, if your policy of insurance and your property must be taken from you upon the character of testimony that they offered here on this stand as proof, then I am going to tear mine up and yours is not worth the paper it is written on." This argument was held to be an appeal to the self-interest of the jurors and reversible error.

In Stewart v. Coats, Tex.Civ.App., 91 S. W.2d 421, 422, defendant's counsel, referring to a royalty deed which plaintiffs were seeking to cancel against defendants, said to the jury: "If you find against us in this case, you will set a precedent that won't let a title in this County be safe." With reference to such argument the court said it was "plainly calculated to have the subtle effect of creating prejudice and fear in the minds of the jury that a verdict rendered by them against defendants would result in impairing their own titles and likewise the titles of their neighbors." Though the argument was not objected to and complaint thereof was made for the first time on motion for new trial, because of the appeal to the self-interest of the jury the argument was held to be reversible error.

In Houston Electric Co. v. Potter, Tex. Civ.App., 51 S.W.2d 754, 764, a suit by Potter to recover damages suffered by his wife

in an automobile collision, plaintiff's counsel in his closing argument said: "These gentlemen * * * say: 'Oh! that doesn't amount to anything to a lady—doesn't amount to anything at all. No, that doesn't amount to anything—take it home to your or my wife." This argument, though not objected to at the time, was held to be reversible error.

In Dallas Ry. & Terminal Co. v. Smith, Tex.Civ.App., 42 S.W.2d 794, 795, counsel in argument to the jury said: "I don't believe there is one of you here who would see one of your own folks in an accident of that kind, yes, your own wife, but would feel you were entitled to pay, some compensation in money—there is no sufficient money in this world to cure and heal an injury of this sort. * * * I would not go through it for fifty thousand or a hundred thousand, and I don't believe you would, gentlemen." Again he said: "What would compensate you if your wife went through what this little woman has gone through? * * * Give us what you think you would want your wife to have." The court reversed the case because of said argument, holding that it was an appeal to the prejudice of the jury, calculated to cause them to abandon their position as fair and impartial jurors and become partisan.

In Dallas Ry. & Terminal Co. v. Moore, Tex.Civ.App., 52 S.W.2d 104, counsel's argument, in a death action, as to how the jurors would want their mothers treated if their brother had been killed and left a mother with three children to support, was held reversible error.

In McClintic v. J. D. Young Corp., Tex. Com.App., 66 S.W.2d 676, 678, the court said: "The rule is now settled in this state, as said in Texas Indemnity Ins. Co. v. McCurry (Tex.Com.App.) 41 S.W.(2d) 215, 78 A.L.R. 760, that where improper argument has been indulged in, the adverse complaining party is entitled to a reversal, as a matter of law, if under all the circumstances, there is any reasonable doubt of its harmful effect or unless it affirmatively appears no prejudice resulted."

In Floyd v. Fidelity Union Casualty Co., Tex.Com.App., 39 S.W.2d 1091, 1092, the court said: " * * * the rule is now settled, in this state, that where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted."

Also, see Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253, 263, writ refused; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946, 947; Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791, 794; Trinity-Universal Ins. Co. v. Maxwell, Tex.Civ.App., 101 S.W. 2d 606, 613; Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423, 426; Pillot v. City of Houston, Tex.Civ.App., 51 S.W.2d 794; Bell v. Blackwell, Tex.Com. App., 283 S.W. 765; Humphreys v. Roberson, 125 Tex. 558, 83 S.W.2d 311, 313.

■■ It has been settled by decisions of our Supreme Court that a bill of exceptions to improper argument in a civil case need not negative that argument complained of was provoked by argument of opposing counsel, nor that it was supported by evidence. Regester v. Lang, Tex.Com. App., 49 S.W.2d 715. "The bill of exceptions is not required to negative any positive fact or state of attending circumstances that would render the objectionable matter without prejudicial effect. Rather the presumption would be that the trial judge did his duty and that there was no modifying or justifying explanation to be made." Texas Indemnity Ins. Co. v. McCurry, Tex. Com.App., 41 S.W.2d 215, 218, 78 A.L.R. 760. Also, see West Texas Utilities Co. v. Renner, Tex.Com.App., 53 S.W.2d 451, 455; Behringer v. South Plains Coaches, Tex.Com.App., 13 S.W.2d 334; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S.W. 808.

■ Counsel's argument to the jury (1) "You are the taxpayers"; (2) "The taxpayers will have to pay the bill"; (3) "You as taxpayers are directly interested in this suit"; (4) "When you go above $25 per acre you will be taking the money out of your own pockets" are plainly direct appeals to the self-interest and prejudice of the jurors. Such arguments have many times been held to constitute reversible error. Plaintiff contends with reference to argument No. 4 that any reasonable person, competent and qualified to sit on a jury, would know that said statement was incorrect and that he couldn't be made to take the money out of his own pocket; that the verdict of the jury allowing the defendant $30 an acre for her land shows that the jury disregarded the argument complained of; that the bills are insufficient because some of the argument objected to

is not objectionable and such argument is not separated from that which is objectionable and appellant does not specify the language used that he claims is harmful. That when an objection goes "to the whole argument of the counsel and a portion thereof is not subject to the objection made, it does not sufficiently point out the error." Plaintiff cites in this connection LaGrone v. Chicago, R. I. & G. Ry. Co., Tex.Civ. App., 189 S.W. 99; Farmers & M. State Bank of Lelia Lake v. Guffey, Tex.Civ. App., 255 S.W. 462, and other authorities.

We have given careful consideration to such contentions and think they cannot be sustained. The objections do not appear to be to the whole, or a substantial part of any counsel's argument, but to isolated portions thereof set out and quoted in the bills. The opening argument was not objected to at all. The seventh bill of exception shows, after setting out in the bill, different statements by plaintiff's counsel; that such statements and arguments were duly objected to in open court by defendant and she "excepted thereto because *each* such argument was not supported by the evidence, and dehors the record; was an appeal to the self-interest of the jury; was an attempt to align the jury as a party to the suit on the side of plaintiff; was an appeal to the prejudice of the jury", etc. The arguments 1 to 4, inclusive, heretofore quoted, certainly constitute an appeal to the self-interest of the jury and shows an attempt to align the jury as a partisan on the side of plaintiff and constitutes an appeal to the prejudice of the jury and would, we think, under the authorities, require a reversal, even in the absence of objection.

■ Assignments 3 to 13, inclusive, complain of the admission of testimony as to the value of defendant's land by witnesses assertedly not qualified to testify as to its value; testimony of the value of land generally in the same community as defendant's lands; testimony as to the price at which other lands were listed with a real estate broker; testimony as to the price per acre at which land had been bought and sold in Scurry County. In view of another trial, we call attention to the following authorities and holdings:

In Grayce Oil Co. v. Peterson, 128 Tex. 550, 554, 98 S.W.2d 781, our Supreme Court stated the test for qualification of a witness as to the value of land. Also, see J. B. Watkins Land Mtg. Co. v. Campbell, 98 Tex. 372, 375, 84 S.W. 424; Humble O. &

R. Co. v. McLean, Tex.Civ.App., 280 S.W. 557, 560; Chicago, R. I. & G. Ry. Co. v. Martin, Tex.Civ.App., 37 S.W.2d 207, 210; 19 Tex.Jur. 84. It has been held that the price paid for specific property in the same neighborhood is not admissible as original evidence. Humble Oil & Refining Co. v. Kishi, Tex.Civ.App., 299 S.W. 687, 691, writ refused; Merrill v. Taylor, 72 Tex. 293, 296, 10 S.W. 532. But such evidence has been held admissible where the evidence further showed it was not a forced sale and there was a showing of substantial similarity in the conditions relative to the value of the property. Texas Law of Evidence, McCormick & Ray, p. 908. Also, see Foster v. Atlir, Tex.Civ.App., 181 S. W. 520, 525; City of Houston v. Pillot, Tex. Civ.App., 73 S.W.2d 585, 593; Id., Tex. Com.App., 105 S.W.2d 870, 872; Chaney v. Coleman, 77 Tex. 100, 103, 13 S.W. 850; 19 Tex.Jur. p. 226; 16 Tex.Jur. p. 1036. Knowledge of the value of similar adjacent property, or the price at which it sold, may be considered by a witness in forming an opinion as to the value of the property in controversy, and, on cross-examination such matters may be inquired into to test the witnesses' knowledge and judgment as to value.

■ Also, see Denison & P. S. Ry. Co. v. Scholz, Tex.Civ.App., 44 S.W. 560; Crass v. Adams, Tex.Civ.App., 175 S.W. 510; Central State Bank v. Henderson, Tex.Civ. App., 286 S.W. 518; Wichita Falls & W. Ry. Co. v. Wyrick, Tex.Civ.App., 147 S. W. 730; Gresham v. Harcourt, 33 Tex.Civ. App. 196, 75 S.W. 808, writ refused. The price at which persons would or had offered to either purchase or sell certain other property is not admissible as original testimony. State v. Layton, Tex.Civ.App., 147 S.W.2d 515, 517; Sullivan v. Missouri, K. & T. Ry. Co., 29 Tex.Civ.App. 429, 68 S. W. 745, 748; Dickey's Estate v. Houston Ind. Sch. Dist., Tex.Civ.App., 300 S.W. 250, 251, 252, writ dismissed; Stanley v. Sumrell, Tex.Civ.App., 163 S.W. 697; 16 Tex.Jur. 1037.

■ By defendant's sixth proposition it is contended that the court erred in refusing to permit defendant's witness to testify that since the construction of the highway the course of drainage water had been changed and now runs out into Mrs. West's land and spreads over 5 or 6 acres thereof, making a lake of water on her farm. It was excluded upon plaintiff's objection that it was not admissible in a condemnation

case. We think it was admissible. Hall v. Wilbarger County, Tex.Civ.App., 37 S.W. 2d 1041, 1047, affirmed, Tex.Com.App., 55 S.W.2d 797; 16 Tex.Jur. 992, 985; Parker County v. Jackson, 5 Tex.Civ.App. 36, 23 S.W. 924; Clements v. Ft. Worth & D. S. P. Ry. Co., Tex.Civ.App., 7 S.W.2d 895; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139. In so holding, we are not unmindful of the rule that in a condemnation proceeding negligence in the construction or maintenance of the improvement cannot be considered as an element of damages in a condemnation case, as held in Jefferson County Traction Co. v. Wilhelm, Tex.Civ.App., 194 S.W. 448; Stephenville, etc., Ry. Co. v. Moore, 51 Tex.Civ.App. 205, 111 S.W. 758; 20 C.J. 778; 18 Am.Jur. 1027. But, we do not construe the proffered testimony as tending to show damage resulted from negligence but understand the defendant was attempting to prove damage resulting from the construction of the highway in the absence of any negligence relative thereto. If the highway properly constructed nevertheless had the effect of flooding the defendant's land, we think that she may recover therefor in the condemnation proceeding. If she cannot recover for an injury so incurred in the condemnation proceeding, she cannot recover at all, for, of course, in a common law action for damages she must recover, if at all, upon allegation and proof of negligence.

We think the witness Gorman was not shown to have been qualified or authorized to testify that an underpass under the bridge constructed or to be constructed across Mrs. West's land would be available to Mrs. West for use as an underpass. Nor, do we think that the Commissioner Blackard was shown to be qualified or authorized to testify to what the Commissioners' Court would do with reference to the fences across the underpass, or, that other portions of the fences would be left there for the benefit of Mrs. West and that she would be permitted to use the fences placed there by the County, so that her livestock might go through the underpass.

We overrule defendant's assignments of error and propositions thereunder relative to the action of the court in ruling upon the exceptions to plaintiff's petition. The orders of the court overruling such exceptions are not shown in the record and the questions, are, therefore, not before this court.

We are of the opinion that the defendant's renditions of the property in question for taxes were admissible. We recognize that the authorities are not altogether in accord. Such rendition sheets are frequently held to be admissible, upon cross examination of the owner as to the value of the property condemned. But, it has been further held to be admissible "as a circumstance tending to show the value of the property." Burton Lumber Corp. v. City of Houston, 45 Tex.Civ.App. 363, 101 S.W. 822, 827, writ refused; also, see Wise v. City of Abilene, Tex.Civ.App., 141 S.W. 2d 400, 404; Joyce v. Dallas County, Tex. Civ.App., 141 S.W.2d 745, 746; State v. Doom, Tex.Civ.App., 278 S.W. 255.

The judgment is reversed and the cause remanded.