WILLIAM TAYLOR v. JOHN T. WITHERSPOON, ADMINISTRATOR.

A subsequent promise, by a vendee to his vendor, to pay to a third party, when due, a mortgage debt secured upon the premises, out of an instalment of purchase-money, which would not then be due, is not binding, unless supported by a consideration.

A promise by the vendor, to credit the amount to be paid by the vendee, upon his note for purchase-money, is not such a consideration, as will support such new promise.

The breach of a contract by the vendee made subsequent to his purchase, to discharge a mortgage debt of the vendor, as he had bound himself to do, will not discharge the covenant of warranty contained in the deed; but the vendor may maintain an action on it, should the land be sold under the mortgage.

The vendor would, on his part, be subject to damages for his breach of contract, the measure of which would be furnished by the consideration received by him.

ERROR from Harrison. Tried below before William B. Ochiltree, Esq., special judge selected by the parties. The facts are stated in the opinion.

*William P. Hill*, for the plaintiff in error.

*J. Marshall* and *G. McKay*, for the defendant in error.

BELL, J.—The record discloses the following facts. On the 10th of April, 1849, William Taylor executed to Shire M. Hagerty, a mortgage on $329\frac{45}{100}$ acres of land, to secure the payment of two promissory notes, amounting to the sum of $1138. The two notes secured by this mortgage, were payable on the 1st day of February, 1850. On the 30th day of June, 1849, William Taylor sold and conveyed the same tract of land which he had mortgaged to Hagerty, to James C. Hawley, the intestate of Witherspoon, the defendant in error, for the price of $2500. Of this purchase-money, Hawley paid $80 in cash, and executed his notes for the balance; one for $1170, payable on the 1st of February, 1850, and another for $1250, payable on the 1st of February, 1851. At the time of the sale by Taylor to Hawley, the mortgage to Hagerty was duly recorded.

In June, 1850, the executors of Hagerty obtained a decree in the District Court of Harrison county, foreclosing the mortgage executed by Taylor to Hagerty. Hawley paid his first note to Taylor after its maturity, and at another time made a payment of $95, on his last note; the whole of his payments upon the land amounting to the sum of $1345. In June, 1851, the land was sold under the decree of foreclosure obtained by Hagerty's executors, and was purchased by one Adkins, for the sum of $823.62. Sometime in the spring of 1851, Hawley had left the state on a visit, and he died during his absence from the state. It does not appear distinctly, from the record, at what precise time Hawley died, but he was absent on the 1st Tuesday in June, 1851, when the land was sold by the sheriff, and probably died before that time, as it appears that letters of administration were granted upon his estate at the June Term, 1851, of the County Court. Witherspoon, the defendant in error, became Hawley's administrator, and he surrendered the possession of the land to Adkins, the purchaser at the sheriff's sale.

On the 8th of June, 1853, the defendant in error, Witherspoon, filed his petition, as administrator of Hawley's estate, to recover back from Taylor, the amount of purchase-money paid by Hawley on the land. In his petition, he alleged a breach of the

warranty contained in Taylor's deed. On the 20th of June, 1853, Taylor instituted his suit in the District Court, to recover from Witherspoon, administrator of Hawley, the remainder of the purchase-money which Hawley had originally agreed to pay Taylor for the land, and also the sum of $64, due upon a note, payable 1st of January, 1852, which said demands had been presented to Witherspoon, as administrator, and rejected by him as demands which the estate of his intestate was not bound to pay.

These two suits were consolidated by an order of court made at the Spring Term, 1855. In the suit of Witherspoon, administrator, against Taylor, to recover back the purchase-money paid by Hawley, Taylor pleaded, that Hawley had agreed and promised to pay the mortgage debt due to Hagerty, and that it was the fault of Hawley, that the land had been sold under the decree of foreclosure of Hagerty's mortgage. It was not alleged in Taylor's answer, that any consideration passed to Hawley for this promise, except that in one of the amended answers, Taylor alleged, that Hawley agreed to pay the mortgage debt to Hagerty, in consideration that Taylor would credit the amount so to be paid on the last one due of Hawley's notes. There were exceptions to the answers of Taylor, alleging this promise on the part of Hawley, to pay the debt to Hagerty, on the ground that it was a parol promise concerning land, and within the statute of frauds, and also on the ground that it was a promise without consideration. The presiding judge sustained the exceptions to the answer; it does not very distinctly appear on what ground. It is assumed in the brief of counsel, that the exception to the answer was sustained on the ground, that the answer alleged a parol promise to pay the debt of another, and was within the statute of frauds. There was verdict and judgment for Witherspoon.

The exception to the answer was properly sustained, both because it alleged no consideration for the promise of Hawley to pay Hagerty's claim, and because, if such a promise had been founded on a sufficient consideration, it would not have presented a defence to the suit of Witherspoon. The effect of the allega-

Taylor v. Witherspoon.

tions of the answer, is, that Hawley, at a time subsequent to his contract with Taylor, for the purchase of the land, agreed to pay to Hagerty, the amount of his second note to Taylor, before that note became due, according to the terms of the contract in which the note originated. Such an agreement would not be binding without a consideration to support it, and there is no consideration for that agreement alleged in the answer.

It is assumed in the argument, that the consideration for the promise, on the part of Hawley, to pay the debt to Hagerty, was, that Taylor delivered to Hawley, the possession of the land, three months sooner than he was bound to do by the terms of the original contract of sale. This does not appear in the plea, and that is answer enough to the argument; but even if it did appear in the plea, it would not make the plea a good one. If Hawley had contracted, upon such a consideration, to pay the debt to Hagerty, the breach of such a contract would not have the effect to nullify the warranty contained in Taylor's deed, and to subject Hawley to the loss of the land, and all that he had paid for it. The measure of damages for the breach of such an agreement, would be furnished by the value of the use and occupation of the land for the three months; that being the consideration which passed from Taylor to Hawley, for the promise on the part of Hawley to pay the debt to Hagerty.

We are of opinion, for these reasons, that there was no error in sustaining the exception to the answer. If there were any errors committed in the case, they were errors of which the plaintiff in error has no cause to complain. The verdict was fully warranted by the testimony, and the judgment below is, therefore, affirmed.

Judgment affirmed.