St. Louis Southwestern Railway Company of Texas v. Wm. Boyd.

Decided June 14, 1905.

**1.—Bill of Exceptions—Argument of Counsel—Action of Court.**

A bill of exceptions to improper argument of counsel which shows the language used, and that appellant's counsel called the attention of the court to it, and objected thereto, and shows no more, is sufficient, and will be presumed to state all that occurred; that is, the presumption will be that the court did not sustain the objection nor interfere with the abuse; and, unless appellant appears not to have been prejudiced, it will be ground for reversal. (Key, J., dissenting.)

**2.—Argument of Counsel—Public Interest—Facts Not In Evidence.**

Argument of counsel on the failure of a railway company to keep a watchman at crossing, to the effect that public interest demanded full compensation, and that the defendant seemed willing to fight cases of injuries rather than go to the expense of employing a watchman, was improper in its appeal to public interest and intimation of what was not in evidence, that other injuries had occurred at the same place.

**3.—Dissenting Opinion.**

Justice Key dissents from the conclusion reached, holding that the bill of exceptions should affirmatively show that the court overruled the objection of counsel or he will not be presumed to have done so.

Appeal from the District Court of Bowie County.    Tried below before Hon. S. P. Pounders.

*E. B. Perkins* and *Glass, Estes & King,* for appellant.—The use of this language was in violation of the rules of the courts of this State regulating arguments upon the trial of causes.    This argument improperly, and without evidence to support it, appealed to the self-interest of the jury, as a part of the public, and enlisted in plaintiff's behalf the public interest, and aroused their prejudices against the defendant, and appealed to the jury upon considerations other than the merits of the case, to return a verdict for plaintiff.    Chicago, R. I. & T. Ry. Co. v. Langston, 92 Texas, 709; Chicago, R. I. & T. Ry. Co. v. Musick, 33 Texas Civ. App., 177.

*Horace W. Vaughan* and *Randell & Wood,* for appellee.—The argument of counsel for appellee complained of was proper under the evidence as to the use of Oak Street by the public, and the absence of rules on the part of appellant to protect persons using said street, and the habitual violation on the part of appellant's employes of such rules as the appellant undertook to promulgate for the protection of people using the street.

It does not appear from said bill of exceptions what action the court took when said argument was objected to, and, therefore, the record does not show such facts as would indicate that any injury was done to the rights of appellant by reason of said argument.

If appellant thought that it was prejudiced by the argument of appellee's counsel on said matter, then, it should have requested a special charge to the jury to the effect that they should be disregarded.    That not having been done, appellant can not now complain.    Willis v. Lowry, 66 Texas, 540.

EIDSON, Associate Justice.—This suit was brought by appellee against appellant in the court below to recover damages for personal injuries alleged to have been received by appellee on the 13th day of June, 1903, through the negligence of appellant in a collision between a hack which appellee was driving, and some cars which were being switched by appellant on one of its switch tracks on Oak Street, in Texarkana, Texas.

Appellant pleaded a general denial and contributory negligence on

the part of appellee. A trial before a jury resulted in a verdict and judgment for appellee in the sum of $10,000.

Appellant's twelfth assignment of error complains of the action of the court below in overruling its motion for a new trial, based upon the ground that appellee's counsel, in his argument to the jury in his behalf, used language in violation of the rules of the courts of this State regulating arguments upon the trial of causes, and which language was not supported by the evidence in the case, and that same appealed to the self-interest of the jury as a part of the public, and enlisted in appellee's behalf the public interest and aroused their prejudices against appellant, and appealed to the jury upon considerations other than the merits of the case, to return a verdict for appellee. The language complained of by this assignment is as follows: "The public is interested in a matter of this kind. If a man is injured under these circumstances (on a street crossing by backing cars) and gets only partial damages, then the public suffers and the law is defeated to the extent that he fails to get full compensation. It looks like the railroad company is willing to let this state of affairs go on and fight the cases where they inflict injuries, rather than go to the expense of having a watchman on this street to protect the public. Therefore, I say the public is interested in a case like this."

Rule 39 for the District Courts provides that counsel shall be required to confine the argument strictly to the evidence and to the argument of opposing counsel; and Rule 41 for said courts provides that the court will not be required to wait for objections to be made when the rules as to arguments are violated, but should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection. The argument that the public is interested in a matter of the kind being tried and under consideration by the jury, was not warranted by the evidence; and in connection with the language "if a man is injured under these circumstances and gets only partial damages then the public suffers and the law is defeated to the extent that he fails to get full compensation," was an unauthorized appeal to the self-interest of the jury, and to their duty as good citizens to safeguard and protect the interest of the public by rendering a verdict in a large amount in favor of the · plaintiff. The jury are, in effect, told that if they failed to render a verdict giving the plaintiff full compensation they would be recreant in their duty, as good citizens, to the public, and that in consequence thereof the public would suffer.

It is difficult to imagine a character of appeal that would address itself with greater force to the judgment and conscience of a jury than this. The language, "It looks like the railroad company is willing to let this state of affairs go on and fight the cases where they inflict injuries, rather than go to the expense of having a watchman on this street to protect the public," implies that there were other instances of injuries to persons at the crossing where plaintiff received his injuries, on account of the failure of defendant to keep a watchman at this crossing; and, notwithstanding this, defendant was willing for such state of affairs to continue and to litigate the cases brought against it for injuries received at this crossing, rather than go to the expense

of putting a watchman there to protect the public. There was no evidence adduced at the trial tending to show that anyone other than plaintiff had at any time received any injuries at this crossing through the failure of defendant to have a watchman there. This was a direct appeal to the jury to place the stamp of condemnation on such unfair and unjust dealing and conduct upon the part of defendant towards the public by rendering a verdict in favor of plaintiff in an amount sufficiently large to make it more to the interest of defendant to go to the expense of keeping a watchman at the crossing than that of litigating the suits brought against it for injuries received there. Appellant's bill of exceptions shows that it called the attention of the court below to the language of counsel complained of, and that it duly objected to such language, and the bill of exceptions is properly approved by the judge; and this, in our opinion, is sufficient to properly present the question raised by the objection for revision by this court. It will be assumed that the bill of exceptions states all that occurred, and it appears from the bill of exceptions, as we construe it, that the court did not sustain the objection, but permitted the objectionable argument. (St. Louis S. W. Ry. Co. v. Dickens, 56 S. W. Rep., 124.)

In the case of Chicago, R. I. & T. Ry. Co. v. Langston, 92 Texas, 709, the Supreme Court in speaking of an objectionable argument, uses this language: "Unless it can be said that this error did not prejudice the company, it was in law entitled to have the judgment reversed therefor. The objectionable argument was calculated to arouse and influence the jury in favor of plaintiff, and it must be held to have been so intended by counsel, that being the very purpose of the argument, and he having made it over the protest of the defendant. The action of the trial court in permitting it under the circumstances was in effect a permit to the jury to consider it."

In the case of St. Louis S. W. Ry. Co. v. Lowe, 12 Texas Ct. Rep., 938, which was a suit for injuries to plaintiff's wife, alleged to have resulted from the failure of the defendant to warm the waiting room at its depot, the court says: "It is made to appear by bill of exception that counsel for appellee in his closing argument used the following language: 'If you find such a verdict as you ought in this case it will be wired all over this State tonight, and tomorrow smoke will rise from a thousand chimneys of railway depots where there is none today. This is the only way railroad companies can be made to keep their depots warm.' The remarks excepted to were not, so far as the record discloses, provoked or justified by any argument of opposing counsel, and were highly calculated to inflame the minds and arouse prejudices of the jurors to appellant's injury." The language used in that case was an appeal to the jury to find such a verdict against the defendant as would compel it in the future to keep its waiting-rooms properly warmed, so as to protect the public from the cold and inclement weather.

In the case of Hanna v. Gulf, C. & S. F. Ry. Co., 65 S. W., 493, which was a suit against the appellee, a railway company, for damages for operating its road on the street in front of plaintiff's premises, the whole court held that the argument of counsel for defendants to the effect that plaintiffs had not contributed anything to the railroad, and that they were not liberal, gave nothing for public good and were impedi-

ments to progress, was improper and its permission was reversible error. The majority of the court held that the argument of counsel to the effect that the indemnitors of the railroad company, who were impleaded in the suit for the protection of the railroad company, were public spirited citizens and contributed means to secure the railroad, was improper, such facts being immaterial to any issue in the case, and could not legitimately be considered in determining the rights of the parties, and that the action of the court below in permitting such argument constituted reversible error.. For a full collation of the authorities bearing upon the question under consideration, reference is made to the two opinions in that case, supra.

We can not say that the appellant was not prejudiced by the argument complained of; in fact, we are inclined to the opinion that it was, in view of the sharp conflict in the evidence on the issue as to whether it was negligence on the part of the appellant to keep a watchman at the crossing of the street where the injuries were received by appellee.

We have considered all the other assignments of error presented and are of opinion that none of them are well taken. For the error indicated above, the judgment of the court below is reversed and the cause remanded.

### DISSENTING OPINION.

KEY, ASSOCIATE JUSTICE.—The writer does not concur with his associates in holding that reversible error is shown by the twelfth assignment. The bill of exceptions upon which that assignment is based, omitting immaterial parts, reads as follows:

"That upon the trial of this cause, plaintiff's attorney C. B. Randell in discussing the evidence which showed that defendant had nineteen or twenty switch tracks running across Oak Street in Texarkana, Texas, and that it did not maintain any watchman there to warn people of danger in traveling on said street and over the portion of same where its tracks crossed and in arguing with the jury as to what their verdict should be and in appealing to the jury to give plaintiff a large amount, said: 'The public is interested in a matter of this kind. If a man is injured under these circumstances and gets only partial damages, then the public suffers and the law is defeated to the extent that he fails to get full compensation. It looks like the railroad company is willing to let this state of affairs go on and fight the cases where they inflict injuries, rather than go to the expense of having a watchman on this street to protect the public. Therefore, I say, the public is interested in a case like this.' Whereupon defendant's attorney called the court's attention to said language and objected to it, on the ground that it was improper, prejudicial and out of the record, and should not be permitted, and excepted to its use and its being permitted to be made, and tenders this its bill of exceptions No. 4, and asks that it be approved and filed."

It will be observed that the bill does not state what ruling the trial judge made, or that he failed to make any ruling in reference to the matter complained of. In this respect, it seems to me that the bill is incomplete, and fails to present for review any action of the court

below. In order to obtain a new trial on account of improper conduct on the part of opposing counsel, the law requires the complaining party to show that he exercised diligence by invoking corrective action of the trial judge while the trial was in progress. The rule on the subject is stated in these words by a standard authority:

"In order that a party may avail himself in an Appellate Court of an objection for misconduct of opposing counsel in the argument of a case, he must not only interpose a seasonable objection, as has just been stated, but he must then press the court to a distinct ruling, and, if dissatisfied therewith, enter an exception; otherwise, there is nothing presented for review." (2 Ency. Plead. & Prac., p. 755.) The text stated by this high authority is well supported by numerous authorities cited in the footnote. The bill of exceptions in this case does not distinctly show what, if any, ruling was made by the court, nor does it show that the court failed to rule on the objection.

In Anderson v. Anderson, 23 Texas, 642, the bill of exception did not specifically state that the evidence was tendered and that the court excluded it, but stated that the plaintiff "excepted to the ruling of the court in refusing to hear" certain evidence; and, although the Supreme Court conceded that it might be inferred from the language quoted that the evidence was offered by the plaintiff and excluded by the court, the bill of exception was held to be insufficient, Chief Justice Wheeler, speaking for the court, saying: "It is not stated that any such evidence was offered; and we have repeatedly decided that the bill of exception must show the particular ruling complained of. It ought distinctly to appear that the evidence was proposed at the proper time and that the court refused to admit it."

From the statement in the bill of exception in the case at bar, that the defendant excepted to the language complained of "and its being permitted to be made," it may perhaps be inferred that the court overruled the objections and held that the language referred to did not exceed the scope of legitimate discussion; but such ruling is not otherwise made to appear. However, the language of the bill of exception, "being permitted to be made," is rather ambiguous, and the inference referred to is not necessarily the only one that might be deduced therefrom. The language quoted from the bill may have had reference to the fact that the court did not, of its own motion, interfere and prevent the use of the language complained of. Therefore, it does not distinctly appear what, if any, ruling the court made in reference to the objection made to the argument; and the rule announced and applied in Anderson v. Anderson, supra, is believed to be applicable.

For the reasons stated I conclude, that the question held in the majority opinion to show reversible error, is not properly presented for decision; and I express no opinion thereon. I concur in overruling all the other assignments of error, and believe the twelfth should also be overruled and the judgment affirmed.

*Reversed and remanded.*

Writ of error refused.