**TRINITY UNIVERSAL INS. CO. v. CHAFIN.**

No. 12076.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1950.

Rehearing Denied May 10, 1950.

Roscoe Runge, Mason, Strasburger, Price, Holland, Kelton & Miller, Dallas, for appellant.

White & Yarborough, Dallas, W. E. Johnson, Dallas, Glenn Capps, Mason, for appellee.

BROETER, Justice.

This is a suit under the Workmen's Compensation Act wherein James K. Chafin, as plaintiff, sought recovery against Trinity Universal Insurance Company, as defendant, for alleged damages on account of injuries received by him on March 12, 1948, in the course of his employment while working for Harold Zesch Motors in Mason County, Texas. The trial was before the court and a jury. Plaintiff claimed total and permanent incapacity as a result of the injuries received, and defendant filed an answer generally denying plaintiff's claim and alleging, among other

things, that if plaintiff had been incapacitated such was caused by other accidents or natural causes, or a combination of both. Twenty-one special issues were submitted to and answered by the jury. All of the answers to the special issues were favorable to plaintiff, except the answer to Issue No. 19, wherein the jury found that the plaintiff's incapacity to work was solely the result of natural causes existing prior to March 12, 1948. A motion by plaintiff to disregard the answer of the jury to such Issue No. 19 and grant him judgment was by the court sustained, and judgment was entered in behalf of plaintiff against defendant for a total disability for 100 weeks at $23.05 per week and for fifty per cent partial incapacity for 300 weeks thereafter, or $11.53 per week, each weekly installment to bear six per cent interest from maturity until paid. From this judgment defendant appealed.

The appellant by its first point claims the trial court erred in granting the motion of plaintiff, James K. Chafin, for a judgment, in view of the fact that the jury had found that his incapacity was solely the result of natural causes existing prior to the alleged accident.

The motion referred to in this point, with eliminations of certain statements not necessary to be copied here, is as follows:

"Now comes the plaintiff, James K. Chafin, and files his written motion for judgment in above styled and numbered cause and moves the Court in connection therewith to disregard Special Issue No. 19 and the answer of the jury thereto reading as follows:

"'Special Issue No. 19.

"'Do you find from a preponderance of the evidence that the plaintiff's incapacity to work, if any you have found herein, was not solely the result of natural causes existing prior to March 12, 1948?

"'Answer "It was not" or "It was" as you may find.

"'Answer: "'It was.'

"And as grounds for disregarding such special issue and the answer of the jury thereto the plaintiff says that: (a) said special issue fails to submit any ultimate issue of fact upon which a verdict could be predicated either for the plaintiff or the defendant in this case under the evidence in this case and is meaningless and (b) in the alternative, plaintiff says that there was no evidence in this case raising the issue that Plaintiff's incapacity as found by the jury was the result of 'natural causes existing prior to March 12, 1948.' * * * (c) there was no pleading to raise the issue as to whether natural causes prior to March 12th, 1948, was or was not the sole cause of plaintiff's incapacity, and hence there was no pleading to support the submission of Special Issue No. 19. * * *

"Wherefore, plaintiff prays * * * that the Court enter judgment in this case for the plaintiff and against the defendant in the form attached hereto as Exhibit 'A' and made a part hereof, ignoring Special Issue No. 19 and the answers of the jury thereto, * * *."

We are of the opinion that the court erred in disregarding and ignoring Special Issue No. 19 and the answer thereto, and in granting plaintiff's motion as aforesaid.

Defendant's answer contained a general denial and a further answer as follows: "Further especially answering, defendant says there is work now for which the plaintiff is fitted and capable of performing, and there has been such work in the past, will be such work in the future, and if he has any incapacity at this time, then the same was caused from such other accident or accidents or natural causes, or a combination of both."

This answer plainly alleges that if plaintiff has any incapacity the same was caused by other accident or accidents or "natural causes." No exception to said pleading was made or presented to the court. Rule 90 of our Texas Rules of Civil Procedure is as follows: "General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in

the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

Therefore, any defect, omission or fault in this pleading either of form or of substance not specifically pointed out to the court as required by this rule was waived.

Having determined that defendant's pleading was sufficient to raise the issue as to whether or not plaintiff's incapacity was due to prior existing natural causes we are of the opinion that the ground designated as (a) contained in plaintiff's motion to disregard and ignore the answer of the jury to Special Issue No. 19 and grant plaintiff's judgment is not sufficient to warrant the granting of such motion.

The next ground in said motion is designated as (b) and plaintiff thereby contends there was no evidence raising the issue that plaintiff's incapacity was the result of natural causes existing prior to March 12, 1948. We believe that there was sufficient evidence to raise that issue and the jury having found that prior existing natural causes were the sole cause of plaintiff's incapacity, the court was not authorized on such ground to grant the motion to disregard and ignore the jury's answer to said Issue No. 19, and grant plaintiff the judgment requested. The plaintiff testified that his incapacity resulted from an injury received by him to his back while he was sitting on the cowl of the car attempting to lift the cylinder head which was hung on a choker; his injury occurred on March 12, 1948; that he was straining on it and was trying to lift all he could lift and that it jerked him a sort of quick jerk from which he experienced pain; that as a result of this injury he experienced stiffness and soreness and that when he over-exercised or stooped down it generally knocked him out for a few days, and when he coughed or sneezed it hurt him. He further testified that after that he did light work on generators and stuff like that; that he had typhoid fever in 1942 and it left him in pretty bad shape at that time; that he had measles in 1934 and it left him in bad shape; that he had the mumps about 1935 or 1936, and that he had a ruptured appendix in 1936; that he had gone to the T. B. Sanatorium of the State of Texas for a month; that he had kidney trouble for a long time in the spring or early summer of 1947, which was the same year he started to work for Mr. Zesch; that he had gotten hit in the head by a crank of a tractor in 1941; that he got his finger practically cut off in 1945; that a truck fell on his chest as a result of another truck bumping into it as he was working under the truck that fell on him; that he had been to three doctors for the last three injuries. He testified that he had worked for numerous persons and companies at different times; that the State Welfare Board allowed certain subsistence for his children at a time when he was not able to work; that he took part in the State Rehabilitation Program; that he was eligible because he just had one eye. With reference to his connection with the State Rehabilitation Board, he was asked: "Q. And then you told them you had fever and night sweats? A. That would depend on when. Q. When they were trying to rehabilitate and trying to help you where you could make a living, January, 1947, just a few months before you went to work for Mr. Zesch, that you had fever and night sweats. A. Well I had had." He also testified that he probably told them that he had constipation; and that he didn't remember whether he told them but had burning on urination and blood in the urine; that he was classed as moderately advanced in tuberculosis; that the State of Texas had sent him to Galveston where he was examined; that he had gone through the clinic there; that Mrs. Knox had advanced him expenses to go to Galveston and that he was given a bus ticket and some cash which could have amounted to $43.50 in all. The evidence shows that plaintiff was examined at

the University of Texas Medical Branch, Galveston, on August 7, 1947.

He further testified that he had had one T. B. breakdown and he thought he ought to take care of himself and could do better in a home work shop. The evidence shows that the plaintiff went to work for Harold Zesch Motors the last week of November, 1947, and received his first pay check December 6, 1947, and with reference to the contract of employment, the employer, Mr. Harold Zesch, testified as follows:

"Q. Did you have a talk with Mr. Chafin himself before you employed him in your business as to his physical condition? A. I did.

"Q. Tell about that. A. I do not know where it was. Met him probably on the street and asked if he would like to work for me, and he said, yes, if he could do the work, he would; said he was not able to work full weeks and do heavy work; and I asked him why and he said he had been crippled up, that he had *bad ankles* and a *weak back,* and I questioned him further and he said a truck fell on him and mashed him and that he had had *kidney trouble.* I hired him and told him I needed a man so bad, and asked him if he would work Mondays and Tuesdays and Wednesdays, if he could not work a full week, I needed a man so bad, and that I would try to make it easy on him and no heavy work. Under those conditions I hired him.

"Q. Did you give instructions to your foreman about it? A. I did; told my foreman to make it as easy on him as he could.

"Q. At that time when you employed him and since the war started was there a scarcity of mechanics? A. Not only in the war, there was a scarcity then and two or three years.

"Q. During that time could anyone that could handle a wrench get a job? A. Yes, they sure could."

The witness Jimmie Humphrey testified that he was foreman for the Chevrolet people, the Wood Motor Company. That as foreman he knew the plaintiff and that plaintiff worked in the shop in which he was foreman on three or four different times at different intervals. That sometimes he did not work but five days, and that the cause of his not working was that he was not able. He was asked:

"Q. How did he happen to leave your employ? A. I don't know whether I rightly remember. I believe he was sick at the time"

A Dr. Bodenheimer who treated the plaintiff for his alleged injury testified that Chafin suffered only a simple back sprain and that in an ordinary case a natural period for recovery would be six weeks and that he found no symptoms of a ruptured disc.

Dr. O. H. Timmons had X-ray pictures made of Chafin and he examined him in connection with such pictures and he found no evidence of fractures, dislocations, pressure on the spinal cord, involvement of the intervertebral disc or involvement of the sacroiliac joint; and he fixed his disability at about three or four weeks.

It is apparent from the above that the plaintiff had a ruptured appendix in 1936; that he had typhoid fever in 1942; that it left him in pretty bad shape; that he had suffered with tuberculosis for a long period of time; that he had kidney trouble for a long time in the spring or early summer of 1947; that he had fever and night sweats in January, 1947; that he had burning on urination and blood in the urine, and that his tuberculosis was classed as moderately advanced; that he had bad ankles, weak back and kidney trouble when he went to work for the Harold Zesch Motors. The testimony of two doctors above mentioned also disputes his statement that he was injured as claimed by him on March 12, 1948. This evidence and other evidence in the record, which we do not deem necessary to quote, authorized the jury in determining that the sole cause of his incapacity was prior existing natural causes. For the above reasons we are of the opinion that the trial court erred in granting plaintiff's motion to disregard and ignore the answer to Issue No. 19 and in granting plaintiff's mo-

tion for judgment on the ground stated therein.

Appellant by its second point claims that the trial court erred in rendering judgment in favor of the plaintiff because of the irreconcilable conflict in the jury's verdict; and in appellant's third point it claims that the trial court erred in not declaring a mistrial because of the irreconcilable conflict in the jury's verdict. We will consider these points together. We are of the opinion that they are well taken and should be sustained.

In answer to Special Issue No. 1, the jury found that plaintiff sustained personal injuries on or about March 12, 1948.

■ In answer to Special Issue No. 4, the jury found that the injuries sustained by the plaintiff were sustained by him in the course of his employment with Harold Zesch Motor Company, and by Special Issue No. 5, they found that such injuries sustained by plaintiff naturally resulted in his incapacity to work, and by Special Issues 6 to 12, inclusive, his incapacity was found to be total temporary, and partial for a definite number of weeks, and, as hereinabove stated, the jury found in answer to Special Issue No. 19, that the sole cause of plaintiff's incapacity, if any, was the result of natural causes. It is our opinion that the finding of the jury to the effect that plaintiff's incapacity was the result of injuries sustained by him on March 12, 1948, as a result of the accident is in conflict with the answers of the jury to Special Issue No. 19. The record shows that when the jury first returned with their verdict the trial court determined that such findings did conflict and did not receive the verdict but gave the jury additional instructions informing them that such conflict appeared, and instructed them to retire and endeavor to eliminate such conflict if they could do so. The jury did not eliminate such conflict and the verdict was received without any change made in the finding. We do not find any counter-

points in appellee's brief questioning appellant's contention that the findings of the jury were in conflict. We sustain appellant's points numbered 2 and 3.

By appellant's points numbered 4 to 11, inclusive, appellant claims that the trial court erred in refusing to grant the defendant a new trial because of prejudicial argument of an attorney for plaintiff. In each of these points different parts of the argument of the same attorney are referred to and set out. In some instances the trial court instructed the jury not to consider certain portions of the argument. It is undisputed that the following statements were made by plaintiff's attorney in his argument to the jury, to-wit:

"After all, I guess the insurance company is really a body corporate and destitute of any humanitarian principles." This is raised by appellant's Eighth Point.

"When that boy got hurt, I think he should put the burden on the insurance company, rather than on the taxpayers of Mason County or some other—to determine that he was hurt and the injuries were permanent." This is raised by appellant's Eleventh Point.

"Who would know better than you, Mr. ————— (calls a juror by name), than the man working for you or with you." This is raised by appellant's Fourth Point.

■ The above argument, as well as other statements made in the argument as outlined in numerous other points, was highly prejudicial and viewing such argument as a whole the same constituted error and could not be erased by the instructions from the court. Bennett v. Jackson, Tex.Civ.App., 157 S.W.2d 158; Fort Worth & D. C. Ry. Co. v. Hays, 51 Tex.Civ.App. 114, 111 S.W. 446; St. Louis S. W. Ry. Co. of Texas v. Boyd, 40 Tex. Civ.App. 93, 88 S.W. 509.

In view of the errors above indicated, we are of the opinion that the case should be reversed and remanded.

Reversed and remanded.