**Neva Leona WHITE et vir, Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 6666.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1964.

Rehearing Denied Feb. 3, 1965.

Jim S. Phelps, Houston, for appellant.

Bracewell, Reynolds & Patterson, Houston, for appellee.

STEPHENSON, Justice.

This is a workman's compensation case. Judgment was rendered in the trial court that plaintiff take nothing. The jury found in answer to special issue No. 1 that plaintiff did not receive an accidental injury while working in the course of her employment. The jury also found plaintiff's incapacity was due solely to some other disorder or disease or a condition of health. The parties will be referred to here as they were in the trial court.

Plaintiff contends that there was no evidence to support the findings of the jury mentioned above. These are questions of law to be determined by considering only the evidence favorable to such findings and disregarding all other.

Plaintiff alleged in her petition that she was totally and permanently disabled by reason of an accidental injury received June 13, 1961, while working in the course and scope of her employment for Sears, Roebuck and Company. The petition further alleged that she hurt her back while lifting a box.

The only evidence in this case was given by the plaintiff, a doctor called by plaintiff, a doctor called by defendant, and the hospital records which contained medical histories, examination, treatment and findings.

The following is a résumé of the evidence which supported the finding of the jury that plaintiff's incapacity was due solely to some other disorder or disease or condition of health. Plaintiff testified to a series of conditions of her health during the past including being hospitalized nine times during the nine years preceding the date of the alleged injury. Her testimony showed she fell in the bathtub in 1957, injuring her back to the extent that she entered the hospital and was placed in traction.

Dr. Thomas H. McGuire, called by defendant, testified he examined plaintiff while she was in the hospital in 1959. This examination was at the request of Dr. A. Beyer. The history as given by plaintiff to Dr. McGuire is set out as follows:

"Very well, when I first see a patient, I inquire as to their past history and what may have transpired in the past that might be an element in the present situation, and this lady told me that she had had malaria some four or five times in the past, the last time being some six or eight years before I saw her in '59. She told me she had pneumonia a couple of times, that in the past she had had her appendix removed in 1942. Her tonsils had been removed. She had a female operation in 1955. A tumor had been removed from her right shoulder blade. At the age of sixteen she had been thrown from a horse, that about five years before I saw her, she lifted a cedar chest at home and strained her back and then that she had fallen in the bathtub some two years before I saw her and had some difficulty. She told me that to her knowledge she did not have any allergies, had not been exposed to any poisons or chemicals, had not taken any shots like lock jaw. She had been told in the past that she had a deformity of the spine. She had had headaches off and on for several years. More recently her vision had been impaired some four or five months before I saw her, and associated with this she had had epi-

sodes of pain and swelling around her left eye. She wore glasses and felt that with her glasses her vision was about normal. * * * Yes, sir; she told me that more recently her vision had been impaired for the past four or five months. Associated with this there had been some pain and swelling around her left eye. She wore glasses and with her glasses, she felt that the sharpness of her vision was fairly normal, but had difficulty in seeing to the side. She also told me that her menses, her periods, had been somewhat irregular since her female operation in 1955. The hearing in her left ear was impaired and she had some episodes of catches in her neck. There were episodes of numbness involving her left arm and left leg. She had had some pain in her low back with radiation down her left leg as far as the ankle. There had been swelling in her body due to fluid retention. Her kidneys and bladder had been normal, but her balance had been somewhat unsteady in that she tended to fall and two or three times in the last few weeks had fallen at home. That was the extent of the history as she told it to me."

Dr. McGuire also testified that plaintiff complained of pain running down her left leg. He performed a neurological examination, and was not able to determine any physical reason for her complaints. He told Dr. Beyer that plaintiff's symptoms might be due to nervous tension.

The hospital records offered in evidence showed plaintiff was examined by Dr. Beyer at the same time plaintiff was in the hospital in 1959 and his final impression was given as "anxiety state".

Dr. Irving M. Watson was called by plaintiff. He examined and treated plaintiff for this injury and gave the only testimony in the record pertaining to causation between plaintiff's injury and her incapacity as follows:

"Q. Now, Doctor, these things that you found wrong with her back there,

tenderness in her back, the positive straight leg raising test, the loss of sensation along the dermatome controlled by the fourth and fifth interspaces, are those things—and the muscle spasms you say you found in her back—are those things, Doctor, things that would be caused by an injury or are those things that would be caused by anxiety?

"A. These particular complaints and findings on a patient are certainly much more likely to be on a basis of some type of injury.

"Q. Were the findings that you made, Doctor, and the diagnosis you made consistent with the history that she gave you that on the day before you saw her she was lifting a box at Sears when she got this sudden pain in her back?

"A. Yes, sir."

*On Cross Examination,* Dr. Watson gave this testimony:

"Q. Dr. Watson, on the basis of what you know, the entire medical history, the findings that the operation done in Houston showed, you can't say that at this time that there is any organic or any physical reason for her to be suffering with the bad back, can you?

"A. There is no organic reason that I can point out and say that is what is causing the trouble, no, sir.

"Q. At this time you don't actually have any explanation on any physical basis for the complaints that she has?

"A. I don't have one that satisfies me, no sir."

Also, Dr. Watson gave testimony as to the history given him by the plaintiff as follows:

"Q. All right; now, I want to ask you a few questions about the medical history you took here, Doctor, when she came in to see you. When you saw Mrs. White on—in June of 1961, I believe you told Mr. Phelps here that you took a medical history from her and in which she reported to you—you will

have to forgive me. I can't read this too well here.

"A. 'Patient had similar trouble with back a couple of years ago and was told she had one or more herniated discs and needs surgery; however, she recovered enough to return to work; however, she has continued to have trouble with back since then.'

"Q. In other words, since this original injury?

"A. Yes, sir."

Dr. Watson also testified that if a person had a herniated disc you would expect to find the defect upon surgery.

The hospital records showed that Dr. R. H. Eppright performed surgery on plaintiff's back July 13, 1961, and found no evidence of a herniated disc. His final summation after surgery in the hospital report was: "Possible degenerative disc disease of the lumbar spine."

■ In view of all of this medical evidence, the finding of the jury that plaintiff's incapacity was due solely to some other disorder or disease or condition of health was supported by the evidence.

■ In determining the point that such finding of the jury was against the great weight and preponderance of the evidence, we considered all of the evidence. Plaintiff gave testimony indicating she had fully recovered from the back injury in 1957, and that her present incapacity was caused by the injury alleged in her position. This testimony raised an issue for the jury to decide, which it did adversely to the plaintiff. Such finding of the jury is not clearly wrong or manifestly unjust. The point is overruled.

■ We next consider plaintiff's "no evidence" point in reference to the jury's answer to special issue No. 1 finding that plaintiff did not receive an accidental injury while working in the course of her employment. Plaintiff served requests for ad-

missions upon counsel for defendant. Number two read as follows:

"2. That on the above date the said plaintiff received an accidental injury while in the course of said employment for the above named employer in Montgomery County, Texas."

This request for admission was not answered and, upon the trial, plaintiff offered such request into evidence. The truth of this request became established as a matter of law, and the defendant would not have been permitted to offer evidence to the contrary. We find no evidence in the record to support the finding of the jury that plaintiff did not receive an accidental injury while working in the course of her employment. However, there is no conflict between an affirmative finding to this issue and the finding of the jury that plaintiff's incapacity was due solely to some other disorder or disease or a condition of health. There would have been a conflict in the answers to the issues if this jury had found such accidental injury was the producing cause of any total incapacity or any partial incapacity. Both these issues were conditioned upon an affirmative answer to special issue No. 1. Inasmuch as the jury answered special issue No. 1 in the negative, it never reached the issues on producing cause and then the extent of disability, if any. The failure of the plaintiff to object to the conditional submission of these issues constituted a waiver of her right to secure an answer to such issues. This is true even though findings favorable to the plaintiff would have resulted in an irreconcilable conflict. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

Judgment affirmed.

## ON MOTION FOR REHEARING

 Plaintiff further complained of the action of the trial court in submitting the issue in reference to plaintiff's incapacity resulting solely from some other disorder or disease or condition of health on the ground that there was no pleading to support its submission. Defendant's pleading, as to this matter, was as follows:

"For further answer herein, if further answer be necessary, Defendant alleges that the condition of which Plaintiff complains is the result of disease, bodily infirmity, injuries or other condition, suffered by Plaintiff prior to the 13th day of June, 1961, the date on which Plaintiff has alleged the injury of which she now complains occurred, and that Plaintiff has therefore suffered no compensable injury to which Defendant can be charged under the terms of the Texas Workmen's Compensation Act."

The issue submitted by the court was as follows:

"Do you find from a preponderance of the evidence that any disability or incapacity to work, if any, which Leona White is suffering or will suffer in the future, if any, is not due solely to some other disorder or diseases or a health condition of the plaintiff Leona White, in nowise produced, caused or aggravated by such injury, if any, received in the course of her employment with Sears, Roebuck and Company on or about June 13th, 1961?

"Answer 'Such incapacity is not due solely to some other disorder or diseases or a health condition of the Plaintiff Leona White' or 'Such incapacity is due solely to some other disorder or diseases or a health condition of the Plaintiff Leona White'.

"ANSWER: Such incapacity is due solely to some other disorder or disease or a health condition of the Plaintiff Leona White."

Plaintiff argues that defendant's pleading does not raise an issue as to "sole cause." The record in this case shows that plaintiff filed special exceptions to this paragraph of defendant's pleadings. In these special exceptions plaintiff states, in effect, that this

is a pleading of sole cause, and the complaints made are to the fact that such pleading is vague and indefinite. The record does not show that any action was taken by the court upon these special exceptions and no point is brought to this court that the trial court overruled such exceptions and that such action was error. Under this state of the record, we hold that defendant's pleading was sufficient, and that any defect in the pleading was waived. Rule 90, Texas Rules of Civil Procedure; Trinity Universal Ins. Co. v. Chafin, Tex.Civ.App., 229 S.W.2d 942.

Appellant's motion for rehearing overruled.