**Hazel R. WADDELL et vir, Appellants,**

v.

**The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.**

**No. 17254.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 5, 1971.

Rehearing Denied Dec. 10, 1971.

C. Coit Mock, Fort Worth, for appellants.

Fillmore, Lambert, Farabee & Purtle, and Glynn Purtle, Wichita Falls, for appellee.

OPINION

LANGDON, Justice.

The plaintiff, Hazel Waddell, joined by her husband, brought this action under the Workmen's Compensation Law for compensation benefits against The Charter Oak Fire Insurance Company, defendant,

arising out of an injury sustained in the course of her employment for J. C. Penney Company on the 9th day of October, 1965. Her suit was for total and permanent disability and for unpaid medical and drug bills accruing after July 12, 1969.

Trial was to a jury beginning on February 8, 1971. In response to special issues it found that the plaintiff received an accidental injury in the course of her employment on October 9, 1965, which resulted in total disability for a period of two weeks following the injury. The jury found no permanent or partial disability and that plaintiff required no medical treatment or medication for such injury after July 12, 1969.

Judgment was entered on February 11, 1971, that plaintiffs take nothing and costs were taxed against them. This appeal is from that judgment. The parties, as in the trial court, will be referred to as plaintiffs and defendant.

By the first three points the plaintiffs contend that the findings of the jury pertaining to disability and medical benefits were against the overwhelming weight and preponderance of the evidence. The fourth point relates to improper jury argument and the fifth and final point contends the court erred in assessing all costs against the plaintiffs.

We reverse and remand.

In determining the fact question as to whether or not the findings of the jury pertaining to disability and medical benefits were against the great weight and preponderance of the evidence we have carefully reviewed all of the evidence pro and con, i. e., the evidence which supports the issues involved and that which does not, and have concluded that the findings of the jury complained of are not so contrary to the overwhelming weight of all the evidence as to be clearly wrong or manifestly unjust. The plaintiffs' first three points are overruled. " 'No Evidence' and 'Insufficient Evidence' Points of Error" (By

Robert W. Calvert), 38 Texas Law Review 361; "The Question of Insufficient Evidence on Appeal", by W. St. John Garwood, 30 Texas Law Review 803; and In Re King's Estate, (King v. King), 150 Tex. 662, 244 S.W.2d 660 (1951), and authorities cited therein.

We next consider the point complaining of improper jury argument.

The plaintiffs filed their motion in limine which contained the following language: "That no mention be made of the effect or results of a claim, suit, or judgment upon the compensation rates, premiums, or charges, either generally or as particularly applied to the employer in question, as a result of this or any other compensation matter."

Prior to the time of the trial the trial court instructed the defendant and its attorney not to discuss, mention or bring to the jury's attention, directly or indirectly, the matter contained in the motion in limine.

During the final argument, defendant made the following argument: "I don't know what a big earth shattering situation this case might make upon the insurance industry, but I do have to agree with him that what is done in this case and other cases will have an influence upon insurance premiums. And it may not be that one individual sitting there with a purse, but is individuals all over the county, ladies and gentlemen, with their purses paying the premiums. J. C. Penney is paying the premium. J. C. Penney is charging you the consumer for a price for doing business, giving you a product, so really—".

Counsel for the plaintiffs objected and referred the court to the ruling made prior to trial on the motion in limine and objected because the argument had no bearing whatsoever upon any issue to be decided by the jury. The court overruled this objection and defense counsel continued:

"It is a long way getting back to the consumer's pocket book, but Mister Con-

sumer is sitting in that chair right there. In a sense I suppose I represent Mr. Consumer, because you are buying from J. C. Penney, he is buying from Charter Oak—".

The court, at this point, after conference, at the bench, instructed the jury not to consider the "last argument". No reference was made to the argument which preceded the last argument, the objection to which was overruled.

The argument by defendant's counsel ignored the matters contained in the motion in limine and the instruction of the court relating thereto.

In effect the counsel for defendant, by such argument, figuratively crawled into the jury box and assumed the role of attorney representing each of the jurors.

After the court overruled plaintiffs' objection counsel for defendant then designated the jurors as the consumer who would pay the bill "because you are buying from J. C. Penney."

Such argument was calculated to cause the jury to decide the case on the basis of their own financial well-being rather than on the basis of the evidence and the law as given to them by the court.

General rules which have evolved from appellate court decisions are to the effect that some arguments, even though erroneous, are held to have been "harmless" under Rule 434, Texas Rules of Civil Procedure; other erroneous arguments have not resulted in reversal because proper objections have not been made and instructions sought; other courts have held that instructions have cured the effect of the erroneous arguments; others have held that the verdicts did not indicate that harm had resulted to the complaining party in view of the evidence as a whole; and still others have held that some arguments were so highly inflammatory, erroneous or prejudicial that the harm had not been removed even when some instruction had been at-

tempted by the trial court. In our opinion the argument here complained of fits the latter category.

This type of argument is the subject of a separate section in Texas Jurisprudence. Under the title, "Appeals to self-interest of jurors", the statement is made that "Counsel is not permitted in his argument to appeal to the self-interest of members of the jury." 56 Tex.Jur.2d, p. 659, Sec. 307. See also Gulf, C. & S. F. Ry. Co. v. Jones, 73 Tex. 232, 11 S.W. 185 (1889) and St. Louis Southwestern Ry. Co. of Texas v. Boyd, 40 Tex.Civ.App. 93, 88 S.W. 509 (1905, error ref.). In the Jones case, supra, an argument that in the absence of a verdict for the plaintiff that the county (you and I) would have to support the plaintiff was branded as reversible error and in the Boyd case, supra, the argument of counsel that the "public" would suffer and that the "public" would be interested in the verdict was also branded as reversible error. In Southland Life Ins. Co. v. Norwood, 76 S.W.2d 166 (Fort Worth, Tex.Civ.App., 1934, writ dism.), this court branded as reversible error the argument that if the policy in question was not enforced, then counsel and the jury might as well tear up their policies.

No cases have been cited directly on the present point but there is no doubt that the argument of defendant's counsel was a direct appeal, of a prejudicial character, to the self-interest of the jurors in this case.

The law as to the necessity and sufficiency of objections and the curative effects of an instruction is troublesome in our jurisprudence. Generally, the law has been enunciated by the Supreme Court of Texas in Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302 (Tex.Com. of App., 1941) wherein the Supreme Court, by adopting that opinion, held that it was reversible error for counsel to appeal to sectional prejudices (as between Fort Worth and Dallas) and that it was not necessary to take an objection since the harmful ef-

fect was such that it could not be cured. The Court said:

"The reason for this rule is that counsel making the argument is the offender so the law will not require opposing counsel to take a chance on prejudicing his cause with the jury by making the objection."

In Howsley & Jacobs v. Kendall, 376 S. W.2d 562 (1964) the Supreme Court, speaking through Justice Norvell, reversed a verdict for the plaintiff because there had been references to defendant's "battery of lawyers" and there had been argument calculated to infer that one of defendant's principal witnesses had been coached. There had been no objection at the time the argument was made but the Court said:

"No instruction of the trial judge could have removed the prejudicial effects of the argument and hence no objection was necessary to preserve the error. (Citing numerous cases.)"

The law in this respect was well summarized by the Supreme Court of Texas in 1968 in the case of Otis Elevator Company v. Wood, 436 S.W.2d 324, as follows:

"Improper jury arguments are usually referred to as one of two types: 'curable' or 'incurable.' A jury argument is 'curable' when the harmful effect of the argument can be eliminated by a trial judge's instruction to the jury to disregard what they have just heard. The error is 'cured' and rendered harmless by the instruction. On the other hand, an argument may be so inflammatory that its harmfulness could not be eliminated by an instruction to the jury to disregard it. The prejudicial nature of the argument is so acute that it is 'incurable.' "

The Court then cited with approval the above quotation from Smerke, supra.

In the present case the trial court instructed the jury not to consider defendant's "last" argument. It left standing the trial court's first ruling in favor of allowing the defendant to appeal to the self-interest of the jurors. Just what part of the "last" argument the court referred to is not clear from the record. The instruction was not broad enough or strong enough to eliminate the highly prejudicial and inflammatory appeal which defendant had made to the jury to protect themselves and other members of the consuming public by rendering a verdict against plaintiff. It is doubtful that any instruction could have eliminated this direct and forceful appeal to the jurors to consider their own pocket books in rendering their verdict.

On the question of improper jury argument see Texas Employers' Insurance Association v. Hacker, 448 S.W.2d 234 (Fort Worth, Tex.Civ.App., 1969, ref., n. r. e.) and Texas Employers' Insurance Association v. Butler, 287 S.W.2d 198 (Fort Worth, Tex.Civ.App., 1956, ref., n. r. e.).

The error complained of was not rendered "harmless" nor was it "curable" by the type of instruction given by the learned trial judge. In our opinion the argument complained of was not invited.

In view of our holding in this case we see no necessity to discuss the matter involved in point five (5).

We reverse the judgment of the trial court and remand the case for retrial.